## THORNTON *vs*. BLEDSOE ET AL.

[APPEAL FROM ORDER DISSOLVING INJUNCTION.]

1. *Act of October 10th*, 1868, *" for the protection of bona fide purchasers for valuable consideration ;"* *construed.*—The act of the general assembly "for the protection of *bona fide* purchasers for a valuable consideration," is not a mere registration act for the protection of innocent purchasers without notice, but it is a law regulating the liens of judgments by prescribing the conditions upon which they shall be created and preserved.

6

2. *Same; "bona fide purchase" defined.*—A *bona fide* purchase for valuable consideration does not embrace, as essential ingredients, want of notice and the payment of purchase-money.

APPEAL from the Chancery Court of Bullock.
Heard before Hon. B. B. McCRAW.

IN October, 1867, one Walker recovered judgment in the circuit court of Bullock against John W. Bledsoe, complainant's vendor, and another person. Execution issued on this judgment November 16th, 1867, and was returned without levy on the 17th of January, 1868, endorsed by the sheriff, "returned of law."

On the 1st day of November, 1869, complainant purchased certain lands mentioned in the bill from the defendant in execution, Bledsoe, and then went into possession, and has so continued ever since, and paid for the same $500, on the 26th November, 1869, and the remainder of the purchase-money on the 25th day of January, 1870, at which time she received a fee simple deed to the lands thus purchased. On the 21st of December, 1869, (no execution having issued since the 17th January, 1868,) Walker caused the issue of execution on his judgment, which was levied on property of Bledsoe, and claimed by him as exempt.

After the Spring term, 1870, of the circuit court, another execution issued on said judgment, and was levied by the sheriff on the lands purchased by complainant, as the property of the defendant in execution, Bledsoe. The bill is filed to enjoin the sale of the land, and to correct the deed of Bledsoe as to certain misdescriptions of the lands conveyed, and which is not necessary to be further noticed. Bond being given, the injunction issued as prayed for.

The defendant Walker demurred to the bill—1st. Because the bill shows that at the time the purchase-money was paid, the judgment in favor of Walker was a lien which still exists, and the legal title to the land was in said Bledsoe; 2d. The bill shows that before the purchase-money was paid, the execution issued on the judgment described in the bill had acquired a lien on the land; 3d. The bill shows that respondent had a lien on the land at the date

of the purchase, and there is no offer to pay the purchase-money which was unpaid at the time the lien accrued.

The chancellor sustained the demurrer, dissolved the injunction, and dismissed the bill as to the respondent Walker, and hence this appeal.

C. J. L. CUNNINGHAM, for appellant.—Mrs. Thornton having purchased at a time when, not only an entire term, but over two entire years had elapsed and intervened between the return of the original execution and the delivery of the *alias* to the sheriff, no lien could attach as against her by virtue of the issue of said *alias*, unless she had actual notice of the process. There was no *lis pendens* as to her, either in said judgment or the writs of execution issued thereon.—Bouv. Law Dic. title *Lis Pendens ;* 1 Vern. 459 ; *Center v. P. & M. Bank et al.*, 22 Ala. 757.

The bill shows that Mrs. Thornton went into possession of the land at the time of her purchase. If, therefore, the issue of the *alias fi. fa.* could have the effect to revive the lien, or to create a new lien in favor of appellee, he would be in no better position as to Mrs. Thornton than he would have been had he been simply a purchaser at the time from Bledsoe. The law would have charged him as purchaser with notice of Mrs. Thornton's equities, and that she was in possession under such claim as a court of equity would uphold and enforce as against Bledsoe or any one holding under him. It was therefore obligatory upon the plaintiff in execution, if he desired to enforce the collection of his judgment out of the lands purchased by Mrs. Thornton, to have inquired into the nature of her possession and title, and notified her of his intentions. His third ground of demurrer is, therefore, insufficient. This view of the case is sustained by the authority last above cited, *Center v. P. & M. Bank et al.*

We raise the point, under the construction of the act of 1868 for the protection of *bona fide* purchasers, that after a sale, *bona fide* as to the purchaser, under the circumstances of the purchase in this case, no lien attaches or is revived by the issue of subsequent writ or writs of execution.

This ought certainly to be the force and effect of the act where notice of the revival of the lien is carried home to the purchaser.

NORMAN & WILSON, and DAVID CLOPTON, *contra.*

B. F. SAFFOLD, J.—The statute approved October 10th, 1868, " for the protection of *bona fide* purchasers for a valuable consideration," is not a mere registration law, the essence of which is notice.

It declares that the liens of judgments created or preserved by certain acts and sections of acts, and by the Revised Code, shall be null and void against purchasers in good faith for valuable consideration, in certain cases. One of these cases is, when the property subject to the lien is purchased after the return of one execution and before the delivery of another to the sheriff, an entire term intervening.

Want of notice and payment of the purchase-money are not necessary ingredients of a purchase in good faith for valuable consideration. The faith of a transaction involves the motive with which it is entered into. Thus, if a purchaser knowing of a judgment, not itself a lien, has the view and purpose to defeat the creditor's execution, his purchase is iniquitous and fraudulent, and is void against the creditor, notwithstanding he may give a full price. But if his intention is pure, the sale is valid.—*Beals v. Guernsey,* 8 John. 448 ; 8 Taunt. 678 ; 1 Burr. 474. Mere knowledge of a lien is not incompatible with good faith, because the purchaser may buy subject to it.

The freedom of sale and purchase of property is as essential as the security of debts. The statute seems to have been intended to accomplish both of these ends. It prescribes the conditions of the lien, and protects the purchaser unless they are complied with. Without the required precautions, there is no lien ; it is null and void.

The bill was filed to correct a mistake in a deed, and to obtain the protection of the statute above referred to against a threatened sale of the complainant's land under an execution against her vendor. The demurrer to the bill

on the ground of failure to allege want of notice, and payment of all the purchase-money, was erroneously sustained.

The decree is reversed, and the cause remanded.