KNEELON B. BRALEY *vs.* PATRICK BYRNES.

September 30, 1878.

Chattel Mortgage—Filing—Possession of Mortgagor.—Where a chattel mortgage, or a copy, is duly filed, the leaving of possession of the property with the mortgagor only makes the mortgage *prima facie* fraudulent. Verdict sustained on the evidence.

Action to recover possession of certain hotel furniture, claimed by plaintiff under a chattel mortgage made by one Root, and which had been taken from Root's possession by the defendant, as sheriff, by virtue of a writ of attachment in an action brought against him by one Greene. The defendant pleaded that the mortgage to the plaintiff was fraudulent, and at the trial in the district court for Rice county, before *Lord, J.,* introduced evidence tending to prove that plaintiff's mortgage was made at the same time with another mortgage to one Hildreth, a brother-in-law of Root, that the latter mortgage was without consideration and made to defraud creditors, and that the two mortgages formed but one transaction on Root's part, and were both made by him with fraudulent intent, and that the plaintiff knew of such intent. The plaintiff introduced evidence tending to show the contrary. The jury found for the plaintiff, a new trial was refused, and the defendant appealed. This was the third trial of the case, two former verdicts having been set aside. See 20 Minn. 435; 21 Minn. 482.

*Gordon E. Cole,* for appellant.

*Batchelder & Buckham* and *Geo. N. Baxter,* for respondent.

GILFILLAN, C. J. This is the only question of law in the case: Does retaining possession by the mortgagor of the property in a chattel mortgage, duly filed, render the mortgage conclusively fraudulent and void, or does it merely raise such a presumption of fraudulent intent as imposes upon the mortgagee the *onus* of establishing actual good faith, and the absence of a purpose to defraud creditors? The old

supreme court in New York held that continued possession in the mortgagor was conclusive evidence of a fraudulent intent, unless it was made to appear that a change of possession was physically impossible, or at least extremely difficult. But such has not been generally supposed to be the rule in this state, and, although until now the question has not been directly raised here, the court has made several decisions which assume a different rule, for it would not have been necessary to make them, had the rule been as formerly held in New York. See *Edson* v. *Newell*, 14 Minn. 228; *Marsh* v. *Armstrong*, 20 Minn. 81; *Horton* v. *Williams*, 21 Minn. 187; *McCarthy* v. *Grace*, 23 Minn. 182.

And that where the mortgage is duly filed, retaining possession by the mortgagor merely raises a presumption of fraudulent intent, which may be rebutted by the mortgagee, seems to follow necessarily from the provisions of the statute. Gen. St. c. 39, § 1, has no application to a case where there is a continued change of possession. It provides only for a case in which the mortgagor is in possession. It reads: "Every mortgage on personal property which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of defrauding any creditor, and unless the mortgage, or a true copy thereof, is filed as hereinafter provided." Section 3 makes the mortgage so filed "full and sufficient notice to all parties interested of the existence and conditions thereof." Had the legislature intended to make or retain the rule that possession by the mortgagor should of itself render the mortgage void, the provisions we have quoted could have had no place in the statute; and had it been the intention that nothing should avoid the effect of possession retained by the mortgagor, but proof that change of possession was impossible or extremely difficult, we

think the mortgage would have been declared void unless such impossibility or difficulty appears, instead of, "unless it appears that such mortgage was executed in good faith, and not for the purpose of defrauding any creditor." The effect which the statute gives to want of continued change in possession is to make the mortgage *prima facie* fraudulent, but to permit the mortgagee to sustain his mortgage by proof of good faith. The statute does not regard the want of change in the possession as of itself necessarily working a fraud, and the court cannot so regard it.

Upon the evidence in the case we see no reason to disturb the verdict; were the evidence as to the Hildreth mortgage out of the case, there would be barely occasion to question the good faith of plaintiff's mortgage. The evidence of bad faith in executing the former is strong; but it does not appear beyond fair controversy on the evidence that the two mortgages were connected as parts of the same scheme, or were made with the same intent, nor even that plaintiff knew with what intent the Hildreth mortgage was executed.

Order affirmed.