JAMES TOLBERT *vs.* HIRAM T. HORTON and another.

March 17, 1884.

Chattel Mortgage—Fraud on Creditors—Recital in Junior Mortgage—Notice.—The owner of personal property mortgaged it to the plaintiff with intent to defraud creditors, the mortgagee being also privy to the fraud. The mortgagor retained possession of the property, and subsequently executed to defendant, who was his creditor, a second mortgage upon the property, in which the existence of the prior mortgage was recited. In a contest between these mortgagees, claiming under their respective mortgages, *held:*

(1) The junior mortgagee, by reason of the recital in his mortgage, is to be conclusively deemed to have had actual notice of the prior mortgage.

Same—Such Junior Mortgagee cannot Assail prior Mortgage.—(2) As a simple creditor of the mortgagor, not having by legal process acquired a lien upon or property in the mortgaged chattels, and not seeking relief in aid of any legal process against the property, the defendant (junior mortgagee) cannot attack the prior mortgage for fraud, nor is his right as a creditor to assail the prior mortgage for fraud strengthened by the fact that he is also a subsequent mortgagee.

Same—Such Junior Mortgagee not aided by Statute.—(3) The statute which provides that every such mortgage, where the possession remains in the mortgagor, shall be void as against creditors, and as against subsequent purchasers and mortgagees in good faith, unless it appears to have been executed in good faith, does not apply, nor have the effect to avoid a mortgage, as to a subsequent mortgagee, who took his mortgage with actual notice of the prior incumbrance.

Appeal by plaintiff from a judgment of the district court for Olmsted county, where the action was tried by *Start,* J., a jury being waived.

*Chas. C. Willson,* for appellant.

*R. A. Jones* and *Kellogg & Eaton,* for respondents.

DICKINSON, J.   P. M. Tolbert, the owner of certain personal property, including that in controversy, mortgaged it to this plaintiff, with the purpose of defrauding his creditors.   The mortgage was duly filed.   The property remaining in the possession of the mortgagor, he executed a second mortgage upon the property in dispute, with other property, to defendant Horton, in good faith, to secure the payment to Horton of a previously existing indebtedness of the mortgagor to him.   It is found by the court, upon a stipulation of the parties as to the fact, that when Horton took his mortgage he had actual knowledge that plaintiff's mortgage had been given, and was on file in the proper office, but did not know that it covered the property in question.   The court further found as a fact that Horton's mortgage contained these words, following the description of the property: "All the said property being   *   *   *   free from all incumbrances, except a mortgage heretofore given on a portion of said property to one James Tolbert."   The condition of the defendant's mortgage being unperformed, he took the property from the possession of the mortgagor, and the plaintiff prosecutes this action to recover it. The defendant contests plaintiff's right of recovery, upon the ground of the fraudulent character of the plaintiff's mortgage; and upon this ground judgment was awarded in favor of the defendant.

The findings of the court are to be considered as being to the effect that Horton had not actual knowledge that the prior mortgage was. upon this property, unless such knowledge is conclusively presumed from the recital of the fact in his own mortgage.   Actual notice of the prior mortgage of the same property is imputable to the defendant from the recital of the fact in the mortgage to him.   He is conclusively presumed to have notice of the fact, and this notice is to be deemed not merely constructive, but actual or express.   *White* v. *Foster,* 102 Mass. 375; *George* v. *Kent,* 7 Allen, 16; *Jackson* v. *Post,* 15 Wend. 588.   We are to consider, then, whether the first mortgage,

executed with the intent to defraud creditors, and without any change of possession, was for that reason avoided in favor of the subsequent mortgagee who had actual notice of it. The statute is as follows: "Every mortgage on personal property, which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless it appears that such mortgage was executed in good faith, and not for the purpose of defrauding any creditor, and unless the mortgage, or a true copy thereof, is filed as hereinafter provided." Gen. St. 1878, c. 39, § 1. Although the statute declares mortgages without delivery of possession to be "absolutely void" as to classes of persons referred to, the term "void" bears the sense of *voidable* or *subject to be avoided*. *Braley* v. *Byrnes,* 25 Minn. 297. As between the parties to the mortgage it was valid, and had the effect to transfer the legal title to the plaintiff, leaving in the mortgagor nothing which he could rightfully convey except the right of redemption. Only as against "creditors of the mortgagor," and "subsequent purchasers and mortgagees in good faith," was it voidable.

As a creditor merely, without having availed himself of any legal remedy to apply the property to the satisfaction of his debt, the defendant could not interfere with or disturb the transfer of property effected by the plaintiff's mortgage. *Massey* v. *Gorton,* 12 Minn. 83, (145;) *Jones* v. *Rahilly,* 16 Minn. 283, (320;) *Southard* v. *Benner,* 72 N. Y. 424; *Jones* v. *Graham,* 77 N. Y. 628. The fact that the defendant was a creditor gave him no property in nor lien upon the goods of his debtor. Only by legal process could he, as a creditor, appropriate the property to himself, or subject it to be applied to the satisfaction of his demand. Neither did the assumed conveyance of the property by the debtor, whether made for the purpose of security or of payment, place the defendant in a position to avail himself of the right *as a creditor* to assail the prior conveyance as being made in fraud of creditors, and thus to defeat the title of the prior mortgagee. *Stone* v. *Vanheythuysen,* 11 Hare, 126; *Liggat* v. *Morgan,* 2 Leigh, 84; *Grimsley* v. *Hooker,* 3 Jones, Eq. 4; *Fox* v. *Willis,* 1 Mich. 321. The con-

veyance could only avail the defendant *as* a conveyance, and would not aid him as a *creditor*, invoking the aid of the statute as such. The object and effect of statutes avoiding fraudulent conveyances of property, as to creditors, is not to transfer any right of property, nor to dispense with legal remedies for the satisfaction of debts, but to remove obstacles fraudulently interposed to the enforcing of such remedies, and to enable the creditor to avail himself of these remedies notwithstanding the fraud. The debtor could not substitute his own conveyance for the process of the law, and thus indirectly, by his own act, defeat the legal title of the plaintiff which he could not have assailed directly.

Was the defendant a mortgagee in good faith, within the meaning of the statute, in view of the fact that he had actual notice of the prior mortgage upon the property? By force of the statute recited above, both want of registration and of transfer of possession are made to affect the rights of creditors and subsequent purchasers. The effect of the statute as a registry law is not here involved; and we need only say that its object and purpose, so far as subsequent purchasers and mortgagees are concerned, is to protect them against secret or unknown conveyances by reason of which they, purchasing in ignorance of prior vested rights, might be prejudiced, (*Bank of Farmington* v. *Ellis*, 30 Minn. 270,) and that, under such statutes, actual notice of the prior conveyance has generally, if not always, been deemed to make the fact of non-registration immaterial. Want of notice is an essential element of *good faith*, or *bona fides*, as those terms are used in registry statutes and in equity jurisprudence. 2 Pom. Eq. Jur. § 759; 1 Jones on Mortgages, 570, 572; *Willoughby* v. *Willoughby*, 1 Term Rep. 763, 767; *Grimstone* v. *Carter*, 3 Paige, 421, 437.

The purpose of the provision in the statute, in relation to a change of possession of property mortgaged, is the protection of those who may be defrauded or injuriously affected by reason of the retention of the property. As to creditors and purchasers, standing in such relation to the mortgagor as that they may be defrauded, the statute makes the retaining of possession by the mortgagor *prima facie* fraudulent, and casts upon those claiming under the mortgage the burden

of disputing this presumption, by proof of good faith. *Braley* v. *Byrnes*, 25 Minn. 297. Proof of good faith, and of the absence of a purpose to defraud, does away with the effect given by the statute to the non-delivery of the property. The unexplained retaining of the property by the mortgagor is made to avoid the mortgage only because actual fraud is presumed. But where no person, creditor, or subsequent purchaser or mortgagee, stands in a situation to be affected or defrauded by the conveyance of property of which the grantor retains possession, the conditions contemplated by the statute do not exist, and its provisions become inapplicable. There can be no fraud where there is no one to be defrauded, nor is there effectual fraud where the alleged fraudulent act has not affected the conduct or the rights of the person alleging it.

As to subsequent purchasers and mortgagees, the object of the statute is to protect them from secret and fraudulent conveyances. But the statute does not have effect in the case of all subsequent purchasers or mortgagees, and should be construed with regard to this plain purpose of its enactment. It obviously does not apply in the case of a purchaser or mortgagee who has not been defrauded by the prior conveyance. For instance, a subsequent purchaser or mortgagee, who takes in terms subject to the prior conveyance, could not invoke the statutory presumption to avoid the prior conveyance; not merely upon the ground of estoppel, but because such a case is not within the purpose of the law. He has not been defrauded. There is no connection between the presumed fraud and the acquisition of title by the subsequent purchaser. And so in the case of any purchaser or mortgagee with actual notice of a prior conveyance, the reason of the law becomes inapplicable. He has not been defrauded by reason of the fact that possession of property had been retained by the original owner so that he had an apparent right to dispose of it. He knew, when he voluntarily assumed to take a conveyance, absolutely or as a mortgage, that the grantor, although he still retained possession, had already effectually transferred his title to another, and could not rightfully convey what he had not. The fact of continued possession of the original owner constituted no consideration or in-

ducement to his purchasing, unless he procured the subsequent conveyance with the very purpose in view of defeating the title of the prior purchaser, by reason of the fraud, actual or presumed. If such was the fact, the subsequent purchaser or mortgagee was not such "in good faith," and therefore the statute does not apply. Knowing that the title had already become legally vested in another, so that no person with whom he, the subsequent purchaser, was in any way connected or in privity, could question it, it would be essential bad faith to take a conveyance from the original owner, having in view the infirmity of that title as respects certain other persons, and for the purpose of himself defeating it.

From these considerations our conclusion is that the defendant is not a subsequent mortgagee in good faith, within the meaning of the statute; that his mortgage is subject to the prior mortgage of the plaintiff, which is not affected, so far as he is concerned, by the fact that it was made with the purpose of defrauding the creditors of the mortgagor. This fraud does not concern the defendant, for he has not been affected by it, nor was he prejudiced by the retention of the property upon which rests the statutory presumption of fraud, since he had notice that the possessor had no title to convey, nor any interest, save the equity of redemption.

In the views we have expressed we are sustained by the following authorities, aside from those which place a similar construction upon statutes relating merely to the registry of conveyances: *Sanger* v. *Eastwood*, 19 Wend. 514; *Gregory* v. *Thomas*, 20 Wend. 17; *Mitchell* v. *Steelman*, 8 Cal. 363, 375.

The case was disposed of in the district court upon a different construction of the statute than that which we have expressed. The judgment must be reversed, and the cause remanded.

Ordered accordingly.

MITCHELL, J., *dissenting.* I do not think that the term "in good faith," as applied in this statute to a subsequent purchaser or mortgagee, includes the element of want of notice of the prior mortgage; or, which is the same thing, I do not think that the fact of such

notice renders the subsequent purchaser or mortgagee a purchaser or mortgagee in bad faith. It seems to me that the term "in good faith," as here used, has the same meaning when applied to the subsequent as when applied to the prior mortgagee,—that it means one who has purchased the property, or taken a mortgage upon it, fairly, and for a valuable consideration, without any fraudulent intent on his own part, and without being cognizant of, or implicated in, any fraudulent or dishonest intent on part of the vendor or mortgagor,—that is, who, neither committing nor participating in any fraud, pays a fair price, or takes a mortgage to secure an honest debt. It is important to notice the last clause of the section, which is, "unless it appears that such mortgage was executed in good faith, and not for the purpose of defrauding any creditor," and which I do not find in the statute of any other state. The opinion of the court gives no intimation as to what meaning they would put upon this, or what force they would give to it. But if the construction they place upon the expression "in good faith," as applied to a subsequent purchaser or mortgagee, be correct, this clause is without force or meaning; for if want of notice be essential to good faith, there never could be a subsequent purchaser or mortgagee in good faith when the prior mortgage was filed, for the filing is notice to all the world. Again, if the term "in good faith," as here used, implies want of notice, why add, "and unless the mortgage, or a true copy thereof, is filed?"

No doubt, under most circumstances, the expression "purchaser in good faith" implies want of notice of prior conveyances, but not always or necessarily so. This depends on the nature of the case and the object of the statute. You cannot in every case inject into a statute which uses the term "purchaser in good faith" the additional term "without notice." *Sanders* v. *McAffee*, 42 Ga. 250; *Thornton* v. *Bledsoe*, 46 Ala. 73. "Good faith" is the opposite of "bad faith." "Bad faith" implies fraud or wrong motive.

Under mere registration laws, the essence and sole object of which is to give notice, of course a person cannot be a purchaser in good faith who has *actual* notice of a prior conveyance, for he has all that the statute was designed to give him. This has been often so held,

even under recording acts which do not contain the expression "in good faith." So, too, in equity, a party will not be deemed a purchaser in good faith who buys with notice of prior equities. Cases of this kind have little or no application to the present case. Notice of a prior conveyance will not render a subsequent purchaser a purchaser in bad faith, unless the act of purchasing with such notice would be a wrong or fraud upon the prior vendee.

Our statute on chattel mortgages *is not a mere registry law*, as seems to be often assumed. It is a statute declaring certain mortgages void as to certain persons, unless certain things exist or are affirmatively made to appear. Its object is not merely to give notice to subsequent purchasers, or to protect those who purchase without notice of prior mortgages, as would be the case if it were a mere registration act. How, in view of the provisions of this act, can it be said to be an act of bad faith, or a lack of good faith to a prior mortgagee, to take a conveyance of property found in the possession of the mortgagor, simply because the party has notice of another mortgage which the law declares presumptively void, and conclusively so, unless the holder can make certain things appear? It seems to me that the object of the statute was to authorize all persons who, for an honest and fair purpose, have occasion to deal with the property, to do so on the assumption that any existing mortgage is presumptively void, and conclusively so unless the holder affirmatively proves its *bona fides*. There is nothing novel in this. In many states, such as Massachusetts, Maine, Illinois, Missouri, and Wisconsin, chattel mortgages are declared void as against subsequent purchasers with or without notice, unless possession of the property has been delivered or the mortgage filed. I concede that, under common-law rules, defendant would not be in any better position than his grantor to attack plaintiff's mortgage, for only he who had a prior right could have done so. But under this statute the rule is different, and under it actual notice on part of a subsequent mortgagee of a prior mortgage does not relieve the latter of the burden of making it affirmatively appear that his mortgage was executed in good faith, whenever he has permitted the possession of the property to remain in the mortgagor. In short,.

the term "in good faith," as here applied to the subseq  ut purchaser or mortgagee, does not include want of notice of th  prior mortgage.  For this reason I am of opinion that the judgment s  uld be affirmed.