## BANK OF FARMINGTON *vs.* JOHN C. ELLIS and another.

### March 7, 1883.

**Chattel Mortgage not filed Postponed to Subsequent Unfiled Mortgage taken in Good Faith.** — Under the statute in relation to chattel mortgages, (Gen. St. 1878, *c.* 39, § 1,) where the possession is not delivered, a prior mortgage will be postponed to a subsequent *bona fide* mortgage, if not duly filed when the latter is executed, although the former may be subsequently filed prior to the filing of the second mortgage.

**Same—Definition and Evidence of Good Faith.**—In order to entitle the second mortgage to such preference, it must be taken in good faith, which means for a valuable consideration and without notice. The good faith of the second mortgagee may be inferred from the payment of a valuable consideration, where the transaction occurs in the ordinary course of business, and is free from suspicious circumstances.

Appeal by plaintiff from an order of the district court for Dakota county, *Crosby*, J., presiding, refusing a new trial.

*O'Brien, Eller & O'Brien,* for appellant.

*Wm. Hodgson,* for respondent.

VANDERBURGH, J.* The complaint is in the ordinary form in replevin for personal property. The answer of defendant Barclay de-

*Gilfillan, C. J., because of illness, took no part in this case.

nies plaintiff's title, and alleges title in Barclay under a chattel mortgage, executed by defendant Ellis. The reply admits the execution of this mortgage upon the property in question, but alleges that it is fraudulent, and without consideration. Upon the trial it appeared that plaintiff also claimed under a mortgage of the same property, executed by Ellis, and dated August 18, 1881, and actually delivered at 12 o'clock M., of that day, and filed in the proper town clerk's office, August 20, 1881, and purporting to secure a debt of $119.20, then due and owing to plaintiff. Defendant Barclay's mortgage was executed August 17, 1881, and was duly filed August 18, at 5 P. M. The property was suffered to remain in the possession of Ellis till plaintiff's foreclosure. A verdict was returned for the defendant. But two questions arise in the case:

1. Defendant Barclay's mortgage was first executed and first filed, but not filed until after the execution of plaintiff's mortgage. We think this leaves the case precisely as if neither had been filed. The statute (Gen. St. 1878, *c.* 39, § 1) makes the first mortgage void as against a subsequent *bona fide* mortgage, unless executed in good faith, and filed as therein provided, and not as against a subsequent mortgage which is first filed, (recorded,) as is provided in the section in reference to conveyances of real estate. Gen. St. 1878, *c.* 40, § 21. In the latter case, it is a race of diligence between *bona fide* grantees or mortgagees to secure the protection of the record. In the former, possession not being delivered, the first mortgage must be made in good faith, and must be filed, not merely before the filing, but before the execution, of the subsequent *bona fide* mortgage. And a mortgage is not required to be filed as against prior but subsequent mortgages. Upon this branch of the case there is no dispute about the facts. If, therefore, plaintiff's position is that of a *bona fide* mortgagee, his title is preferred. Jones on Chattel Mortgages, § 246; *De Courcey* v. *Collins*, 21 N. J. Eq. 357; *Coster* v. *Bank of Georgia*, 24 Ala. 37, 63.

2. In order to entitle the bank to this preference, it should have taken its mortgage upon a valuable consideration, and without notice of the prior mortgage. The object of the statute was to protect purchasers and mortgagees from prior secret mortgages of which they

had no notice, and not to favor parties who contract with notice of a prior mortgage, left unfiled through neglect or inadvertence. *Dunham* v. *Dey*, 15 John. 555, 567; *Gregory* v. *Thomas*, 20 Wend. 17; *Tiffany* v. *Warren*, 24 How. Pr. 293.

The rule of pleading in equity is that he who is resisting a prior title, on the ground that he purchased in good faith, must not only allege the payment of a valuable consideration, but must also deny notice. *Harris* v. *Fly*, 7 Paige, 421, 424–5; *Boone* v. *Chiles*, 10 Pet. 177, 211–12; 2 Lead. Cas. in Eq. (4th Ed.) 99, etc. The forms of pleading in actions at law qualify the application of this rule, but the second mortgagee in such cases will take the burden of affirmatively establishing upon the evidence the good faith of his mortgage. *McCarthy* v. *Grace*, 23 Minn. 182; *Nolan* v. *Grant*, 53 Iowa, 392. The character and degree of proof required will depend much upon the situation and circumstances of each case. And, in cases of this kind, the fact of payment of a valuable consideration, where the transaction occurs in the ordinary course of business, and is free from suspicious circumstances, is generally considered sufficient to make out a *prima facie* case of good faith, and to devolve the burden of proving the affirmative fact of notice, if it exists, upon the opposite party. This appears to be the usual and natural order of proof. *Basset* v. *Nosworthy*, 2 Lead. Cas. in Eq. (4th Ed.) 99; *Shotwell* v. *Harrison*, 22 Mich. 410; *Nolan* v. *Grant*, 53 Iowa, 392; *Smith* v. *Acker*, 23 Wend. 653, 679; *Baskins* v. *Shannon*, 3 N. Y. 310; *Flagg* v. *Mann*, 2 Sumn. 486, 558; *Wallwyn* v. *Lee*, 9 Ves. Jr., 24, 32. In *Paine* v. *Mason*, 7 Ohio St. 198, 208, plaintiffs, who represented the second mortgage, were permitted to recover without affirmative proof of want of notice.

In the case at bar this question was not raised by defendants in the trial court. The good faith of plaintiff's mortgage seems not to have been questioned, and the case appears to have been submitted to the jury by the court with that understanding. The evidence, however, showed that plaintiff's mortgage was given for a valuable consideration. Plaintiff held a note against Ellis for the amount of the consideration expressed, and the mortgage was given to secure the same, upon a release by plaintiff of an attachment upon his crops. The

possession of the mortgaged property was in Ellis at the time, which gave him a colorable right to mortgage it, and there was nothing shown in the case tending to cast suspicion upon the good faith and honesty of the transaction. In answer to the inquiry of the court, counsel for the defendants admitted that the plaintiff's debt against Ellis was a *bona fide* debt when the mortgage was given, and the court assumed the plaintiff's good faith in its charge to the jury, without objection or suggestion to the contrary. And, after referring to the order of the execution and filing of the mortgages, the court instructed the jury, in substance, that, except as to the question of value, the only question for them to consider was whether the mortgage to Barclay was fraudulent, or had been paid when the action was brought; and if they found affirmatively on either of these propositions, the plaintiff was entitled to recover, otherwise the defendant was entitled to a verdict. Upon the state of this case, as disclosed by the record in this court, the plaintiff is entitled to be considered as presumptively a *bona fide* mortgagee, and it was error, therefore, to refuse to charge the jury, as plaintiff requested, to the effect that his mortgage was entitled to the preference.

Order reversed, and new trial granted.