MICHAEL McNEIL vs. ANDREW J. FINNEGAN.

May 18, 1885.

Unrecorded Chattel Mortgage — Subsequent Purchaser must Show Want of Notice.—A chattel mortgage, although unrecorded, is effectual as between mortgagor and mortgagee, and it is incumbent upon one who asserts an adverse claim to the mortgaged property, by subsequent purchase from the mortgagor, to show that he is such a purchaser, and without notice of the prior mortgage.

Same—Evidence.—Evidence considered as justifying a determination that defendant was not a purchaser without notice.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren, J.*, presiding, refusing a new trial. The case is stated in the opinion.

*Secombe & Sutherland*, for appellant, cited *McCarthy* v. *Grace*, 23 Minn. 182; *Horton* v. *Williams*, 21 Minn. 187; *Goebel* v. *Hough*, 26 Minn. 252; *Bank of Farmington* v. *Ellis*, 30 Minn. 270.

*Lane & Dodge*, for respondent, cited *Fletcher* v. *Neudeck*, 30 Minn. 125, and *North Star Boot & Shoe Co.* v. *Ladd*, 32 Minn. 381.

DICKINSON, J.[1] Action to recover the value of personal property, alleged to have been converted by the defendant. The property had belonged to one Bodwell. Bodwell mortgaged it to the plaintiff, and the mortgage matured without payment of the mortgage debt. Afterwards, the property being in the defendant's possession, the plaintiff demanded that it be delivered to him, which defendant refused. The plaintiff's right is that acquired by this mortgage. The defendant claims to have purchased the property from Bodwell subsequent to the mortgage, and in good faith. Upon the trial the plaintiff made a *prima facie* case by proof of the mortgage from the owner of the property; the non-payment of the mortgage debt; demand, after maturity, for the delivery of the property, and the refusal of the defendant. The mortgage was effectual as between the mortgagor, owning the chattels, and the mortgagee, and if the defendant would defeat

[1] Berry, J., was absent and took no part in this case.

the *prima facie* title of the mortgagee upon the ground that he had become a subsequent purchaser in good faith, it was incumbent upon him to show that he was such. *Bank of Farmington* v. *Ellis*, 30 Minn. 270; *Tolbert* v. *Horton*, 31 Minn. 518.

The verdict of the jury involves the determination that the defendant did not purchase the property without notice of the mortgage. There was testimony on the part of the defendant which, if true, showed that he did purchase, and without notice of the prior mortgage. But while this is not met by direct proof that such was not the case, the circumstances as presented to the jury were such as justified this conclusion.

The evidence tended to show that this property was of the value of $475, and the defendant admits it to have been worth $150. The evidence in his behalf is that the consideration for the sale to him was $10 in money paid by him, and an asserted demand against Bodwell of less than $70, and which, from the evidence, may fairly have been regarded as being in fact very much less than that sum. The case also went strongly to show that when, after the alleged sale, the plaintiff demanded the property from the defendant, the latter did not claim to have purchased it, although the circumstances were such as would naturally have induced him to assert such a claim if the fact had been so; but that, on the contrary, he based his refusal to deliver the goods to the plaintiff upon the ground of his alleged demand against the mortgagor to the amount of $50, and professed his readiness to deliver the property to the plaintiff upon the payment of that sum. These, with other considerations touching the credibility of the evidence by which the defendant's claim is sought to be sustained, have led us to the conclusion that the question was properly submitted to the jury, and that their verdict should stand.

Order affirmed.