SAMUEL L. BAKER *vs.* JAMES H. POTTLE.

Argued Dec. 15, 1891. Decided Feb. 29, 1892.

**Unfiled Mortgage of Chattels—Receiver—How Disputed.**—Where mortgaged personal property remains in the possession of the mortgagor, and the mortgage is not filed, it is by statute made presumptively fraudulent as to creditors of the mortgagor who become such without notice of the mortgage. The mortgagor becoming insolvent, a receiver for the benefit of such creditors may dispute the validity of the mortgage without proof of actual fraud.

**Withholding From the Files—When a Fraud.**—If a mortgage is withheld from record pursuant to an agreement between the mortgagor and mortgagee, in order that the credit of the former may not be impaired, it would be deemed a fraud as to any one who should become a creditor of the mortgagor, relying upon the false appearance of responsibility thus created, and as to such a creditor the mortgagee would be estopped.

Appeal by defendant, James H. Pottle, from an order of the district court of Hennepin county, *Lochren*, J., made July 28, 1891, refusing a new trial.

Emil V. Koessel was on May 10, 1890, and long had been, a butcher and keeper of a meat market in Minneapolis, Minn. The defendant, James H. Pottle, had long been acquainted with him, and on that day loaned him $400, and took his note for the amount, secured by a chattel mortgage upon three horses and three buggies, and the racks, counters, icebox, scales, and tools used in his business. He asked Mr. Pottle not to file the mortgage, as it would hurt his credit and his business if it were known that he had mortgaged this property. Mr. Pottle said, all right, he would not put it on file. Afterwards, on June 24, 1890, he borrowed of defendant $100 more, and gave him another mortgage on the same property, with the same understanding, that it should not be filed. The property remained in Koessel's possession.

Meantime Koessel borrowed of William Reif, $371, May 15, and $200, June 6, 1890, and gave him his notes therefor, unsecured. Reif knew nothing of the mortgage to Pottle when he made these loans. Afterwards, on July 9, 1890, Pottle put his two mortgages

on file.   Koessel  was insolvent, and on July  19, 1890, the plaintiff,  Samuel L. Baker, was, on  the petition of Reif, duly appointed by  the district court receiver of Koessel's property for the benefit of his creditors.   Pottle meantime had taken possession of the mortgaged property under his mortgages, and  was about to  sell it in payment of his notes, when  plaintiff brought  this action  of replevin to recover it, on the ground that the mortgages were void as to Reif and other creditors of Koessel.   The action was tried May 22, 1891, and the jury returned a verdict for the plaintiff.   The defendant moved for a new trial.   It was denied, and he appealed.

*Merrick & Merrick*, for appellant.

In order to establish the claim of the plaintiff, it was incumbent upon him to show by a fair preponderance of evidence that at the time this money was loaned by the defendant, and the mortgages given, it was the intent of Koessel and the defendant that they should be kept off the files for the purpose of defrauding the creditors of Koessel, and the mere fact that they were not filed is not sufficient in law to make either of them a fraud upon creditors.

The court erred in ruling out and rejecting defendant's first mortgage, given to secure the note of $400.

We submit that the evidence shows that these mortgages were executed in good faith, for a valuable consideration, and not for the purpose of cheating or defrauding any one.   There is no basis whatever for the verdict either in the law or the evidence.

*Charles B. Holmes*, for respondent.

The defendant claims title under his two chattel  mortgages, and the burden of  proof is upon him  to  show the validity of the mortgages.   1878 G. S. ch. 39, § 1;  *McCarthy* v. *Grace*, 23 Minn. 182.

The question of possession has an important bearing in determining the good faith of a sale; and where the  mortgagee has allowed the mortgagor to appear to all the world as owner, and suffered the property to remain precisely as though he had no incumbrance upon it, and third  parties have in good faith given credit to the mortgagor upon the faith that the property was unincumbered, it cannot be said that the mortgage was given in good faith.   *Smith* v. *Welch*, 10 Wis. 91;  *Sheldon* v. *Warner*, 26 Mich. 403;  *Putnam* v. *Reynolds*, 44 Mich.

113; *Hanes* v. *Tiffany*, 25 Ohio St. 549; *Williams* v. *Porter*, 41 Wis. 422; *Cooper* v. *Brock*, 41 Mich. 488; *Standard Paper Co.* v. *Guenther*, 67 Wis. 101.

DICKINSON, J. This is an action of replevin. The defendant claims the right of possession by virtue of two chattel mortgages executed to him by the owner of the property, Koessel, to secure the payment of money loaned at the time such mortgages were given. The first of these was executed on the 10th day of May, 1890. The mortgagor became insolvent, and the plaintiff was appointed a receiver for the benefit of creditors. The matter in controversy relates to the validity and effect of these mortgages as respects the creditors of the mortgagor, whom the plaintiff, as receiver, represents. The execution of the mortgages was admitted by the reply, but their validity as to creditors was put in issue, fraud being averred. The mortgaged property remained in the possession of the mortgagor after the giving of the mortgages, and neither of the mortgages was filed for record until July 9, 1890, before which time, as the evidence tended to show, the mortgagor became insolvent. There was evidence going to show that when the mortgages were given it was agreed by the defendant, at the request of the mortgagor, that the mortgages should not be filed, for the reason that it would "hurt his credit," and that the mortgagor then stated to the defendant that he was "temporarily hard up." It further appeared that after the giving of the first mortgage one Reif loaned to the mortgagor a considerable sum of money without any knowledge of the mortgages, and supposing that the property was unincumbered. He is one of the creditors represented by the plaintiff.

Several of the defendant's assignments of error are based upon the proposition that, notwithstanding the facts that there was no change in the possession of the property, and that the mortgages were not put on record, the burden rested on the plaintiff to prove by further evidence that they were fraudulent as to creditors; and it is also claimed that the case did not justify a finding that the mortgages were fraudulent as to creditors. In neither of these particulars can the defendant be sustained. By the terms of the statute

(1878 G. S. ch. 39, § 1,) the unfiled mortgages upon property, which remained in the possession of the mortgagor, were "void as against the creditors of the mortgagor." The plaintiff, as receiver of the insolvent mortgagor, represented one creditor, at least, who had become such by lending money to the mortgagor without any notice of the previously executed mortgage. The sequestration of the mortgagor's property by the insolvency proceedings conferred upon the receiver, representing such a creditor, a right to the possession of the property, and to appropriate it to the satisfaction of the debt. It became by such proceedings legally appropriated to that purpose, and the receiver stood in such a position that he could dispute the validity of the mortgages as well as a creditor could do, who should proceed by attachment or other legal process to appropriate the property to the satisfaction of his debt. By force of the statute the mortgages were presumptively fraudulent and void as to such creditors, and, if the mortgagee could maintain his claim to the property at all, it could be only upon proof which should overcome that presumption. *McCarthy* v. *Grace*, 23 Minn. 182. Upon the evidence in this case the jury were justified in finding that the defendant and the mortgagor were chargeable with actual fraud, or, at least, that the defendant was estopped to claim the property under his mortgages, as against the creditor Reif, because to do so would operate as a fraud upon him. If, in order that the credit of the mortgagor might not be impaired, and that in his future dealings he might enjoy the benefit which might flow from his being supposed to own the property free from incumbrance, it was agreed that these mortgages should not be put on record, that would constitute fraud as to any creditor who should become such relying upon the false appearance of responsibility thus intentionally created. As to a creditor thus deceived, the mortgagee would be estopped to assert rights, by virtue of his mortgage, to defeat the remedies of the creditor. *Standard Paper Co.* v. *Guenther*, 67 Wis. 101, (30 N. W. Rep. 298.) For the reasons already suggested, it was permissible to show by the testimony of Reif that he gave credit to the mortgagor without knowledge of the incumbrances, and relying upon the fact that the mortgagor owned the property without incumbrance.

The assignment of error based upon the alleged refusal of the court to receive the defendant's mortgage in evidence is not well taken. While the court did at first seem to rule against the defendant, he immediately afterwards admitted the evidence offered to show that the mortgage was executed in good faith, and the case was tried and submitted as though the instrument had been formally received. In fact, the giving of the mortgage was admitted in the reply, and proof of it was not necessary. The defendant was not prejudiced, even if the court intended to reject the evidence, which is, at least, doubtful.

It is unnecessary to refer particularly to some other points presented. Through the several requests for instructions to the jury which were refused, run the erroneous propositions upon which the defendant rests his case, and to which we have already referred. We discover no error in the charge of the court, and it sufficiently covered the case.

Order affirmed.

(Opinion published 51 N. W. Rep. 383.)