W. J. WRIGHT *vs*. ERICK LARSON AND O. MOSNESS, Intervener.

Submitted on briefs Nov. 4, 1892.   Decided Nov. 17, 1892.

## Chattel Mortgages—Priorities—Good Faith.

To entitle the holder of a second chattel mortgage to a preference over a prior mortgage, which has not been filed, it is incumbent on him to prove that he took his mortgage "in good faith,"—that is, for a valuable consideration, and without notice of the prior mortgage; but want of notice may be inferred from the fact that he took it for a valuable consideration, and in the ordinary course of business.

Appeals by defendant, Erick Larson, and by O. Mosness, intervener, from orders of the District Court of Clay County, *Mills, J.,* made July 15, 1891, denying their motions for a new trial.

O. Mosness, on July 16, 1889, was the owner of the east half and southwest quarter of section seventeen, (17,) in the town of Morken, Clay County.   On that day he made a written contract with Erick Larson, by the terms of which Larson was to farm the land on shares.   It was provided that the title to all crops raised on the farm should remain in Mosness until a division, and that Mosness should have a first lien on the half belonging to Larson as security for indebtedness due or to become due him from Larson.   This contract was never filed in the office of the town clerk.   On April 21, 1890, Larson made and delivered to W. J. Wright a chattel mortgage on "one-half interest in all crops of every name, nature and description, consisting of 155 acres or more of wheat which have been or shall be hereafter sown, grown, planted, cultivated, or harvested during the year 1890" on the land above described.   The mortgage recites that it is given in payment for damages "done to seven or eight tons of hay (owned by the mortgagee) by the cattle of mortgagor." This mortgage was duly filed, on the same day, in the proper office.

November 22, 1890, the plaintiff, W. J. Wright, brought this action of replevin in a Justice Court against the defendant, Erick Larson, for one hundred bushels of wheat which he claimed to own under the chattel mortgage, and which defendant refused to deliver

to him.  Under the writ issued, the wheat was taken by the officer from a granary on the premises and delivered to plaintiff.  The defendant answered, alleging that the chattel mortgage was procured by fraudulent representations, and was void.  From the judgment of the Justice, in favor of plaintiff, the defendant appealed to the District Court.  By consent, Mosness filed a complaint in intervention, claiming title to the wheat through the contract before referred to. The issues were tried before the court, without a jury.  The evidence tended to show that the wheat taken had been set apart to defendant by a division between him and the intervener.  The court found in favor of the plaintiff and against both the defendant and intervener, each of whom moved for a new trial, and each appealed from the order denying his motion.

*A. Ross*, for appellants.

*George E. Perley*, and *J. E. Greene*, for respondent.

MITCHELL, J.   This action was brought to recover possession of a quantity of wheat, to which plaintiff claimed to be entitled under a chattel mortgage executed by defendant April 21, 1890, and duly filed the same day.   The defense of the defendant was that the mortgage was obtained by false and fraudulent representations.

The intervener came in, and claimed the property under the lease or contract between himself and defendant, executed July 16, 1889, and which was never filed.   Plaintiff traversed both the answer of the defendant and the complaint of the intervener.   The decision being in favor of the plaintiff on both issues, the defendant and the intervener both appealed.

1. In defendant's appeal there is no case or bill of exceptions, the only point made being that the special findings of the trial court amount to a finding of all the facts essential to avoid plaintiff's chattel mortgage on the ground of fraud.   All we deem necessary to say with reference to this is that an examination of the findings shows that this is not so.

2. The intervener takes exception to the sufficiency of plaintiff's complaint, and also to the sufficiency of the description of the prop-

erty in his chattel mortgage. We think there is no merit in either point. While, perhaps, not grammatically expressed, the description in the mortgage clearly covers one-half interest in all wheat that should be raised on the land referred to during the year 1890, whether then sown or to be thereafter sown.

We do not deem it necessary to consider whether the contract between intervener and defendant was in fact a lease, and created the relation of landlord and tenant, or was a mere contract of hiring. The intervener has declared on it as a lease, and, without determining its exact character, or what were the respective rights of intervener and defendant in the grain before division, we think there was evidence which justified the court in finding that the grain had been divided, and the part out of which the grain in controversy was taken had been set apart as the property of the defendant, subject only to a lien in favor of the intervener for any general indebtedness of the defendant to him, as provided in the lease. This clause in the lease was, in effect, a chattel mortgage, and came under the provisions of the statute providing that mortgages of personal property not accompanied by immediate delivery, and followed by actual and continued change of possession, shall be void as against subsequent purchasers and mortgagees *in good faith,* unless filed, etc. *Merrill* v. *Ressler,* 37 Minn. 82, (33 N. W. Rep. 117.)

The burden was undoubtedly upon plaintiff, a subsequent mortgagee, as against intervener, a prior mortgagee, to prove that he took his mortgage in good faith; and, under the decisions of this court, "good faith" in such cases means "without notice," as well as "for a valuable consideration." *Bank of Farmington* v. *Ellis,* 30 Minn. 270, (15 N. W. Rep. 243;) *McNeil* v. *Finnegan,* 33 Minn. 375, (23 N. W. Rep. 5 ;0;) *Tolbert* v. *Horton,* 31 Minn. 518, (18 N. W. Rep. 647.) But proof that the second mortgage was taken for a valuable consideration, and in the ordinary course of business, is, in the absence of any opposing suspicious circumstances, sufficient to make out a *prima facie* case of good faith. *Bank of Farmington* v. *Ellis, supra.* The findings are general, but necessarily include, by implication, a finding that the plaintiff's mortgage was taken in good faith. While the evidence is not of the most satisfactory char-

acter, yet we are of opinion that it justified the finding, in the absence of any opposing evidence on the part of the intervener.

In both appeals the order appealed from is affirmed.

(Opinion published 53 N. W. Rep. 712.)