CHARLES NICKERSON v. WELLS-STONE MERCANTILE COMPANY.[1]

January 19, 1898.

Nos. 10,765—(134)[2], (11)[3].

Appeal—Settlement of "Case"—Irregular Practice—Relief—Discretion of Court Not Abused.

*Held*, the court below did not abuse its discretion in relieving appellant from his laches, and from certain irregularities committed by him in preparing, serving and presenting for settlement a proposed "case."

[1] Reported in 73 N. W. 959, 74 N. W. 891.

[2] October, 1897, term.          [3] April, 1898, term.

Chattel Mortgage—Filing—Town of Mortgagor's Residence—Recital in Mortgage—Evidence.

> The statute requires a chattel mortgage to be filed in the town where, at the time of its execution, the property is, and a copy thereof in the town where the mortgagor resides. The mortgage in question was filed in the town where the property was, but it does not appear where the mortgagor then resided. *Held*, it did not appear that the mortgage was properly filed. A recital in the mortgage, that the mortgagor is "of the town" where the property is, *held* not evidence against a subsequent mortgagee or purchaser that the mortgagor then resided in such town.

Stipulation—Trover—Value of Property Converted—Jury—Finding for Lump Sum—De Minimis Non Curat Lex.

> It was stipulated on the trial of an action of trover that the jury should find the value of the property, and the judge should find on the other issues. The jury found the value of all the property in a lump sum, and the court found for defendant on the other issues. It conclusively appeared that plaintiff was entitled to recover for the conversion of a few of the articles, but no separate finding as to the value of these, or any of them, was ever made or asked for. Under these circumstances, *held*, plaintiff was entitled to recover only nominal damages, the rule de minimis applies, and the order appealed from will not be reversed.

### On Reargument.
#### April 15, 1898.

Unrecorded Chattel Mortgage—When Valid against Mortgagor, Is Valid against Subsequent Mortgagee — Innocent Purchaser for Value.

> When an unrecorded chattel mortgage is effectual as against the mortgagor, it is also effectual as against a subsequent mortgagee or purchaser, unless it appears that he is an innocent mortgagee or purchaser for a valuable consideration.

Action in the district court for Sherburne county to recover $1,800 for conversion of personal property. The plaintiff held a chattel mortgage on the property alleged to have been converted. The defense was a general denial. At the trial before Baxter, J., and a jury, the jury found the value of the property to be $1,500, and the court found the plaintiff was not entitled to recover.

The proceedings taken in the settlement of the proposed "case" are stated in the opinion. When the case had been settled, plaintiff moved for judgment in his favor for $1,500, notwithstanding the verdict of the jury and the findings of the court, or for a new trial.

From an order denying these motions, plaintiff appealed. Reversed upon reargument.

*Charles S. Wheaton,* for appellant.

On the point that machinery and other property which might otherwise become fixtures when attached to the realty would remain personal property, as between the mortgagor or his assigns and the mortgagee, when covered by a chattel mortgage, these cases were cited: Warner v. Kenning, 25 Minn. 173; Ford v. Cobb, 20 N. Y. 344; Hamlin v. Parsons, 12 Minn. (59) 108; Little v. Willford, 31 Minn. 173; Medicke v. Sauer, 61 Minn. 15; Merchants v. Stanton, 55 Minn. 211, 59 Minn. 535, 62 Minn. 205; Tyson v. Post, 108 N. Y. 217; Eaves v. Estes, 10 Kan. 314; Godard v. Gould, 14 Barb. 662; Manwaring v. Jenison, 61 Mich. 117; Walker v. Grand Rapids F. M. Co., 70 Wis. 92; Henkle v. Dillon, 15 Ore. 610. A mortgage of machinery is not defeated by attaching it to realty. Padgett v. Cleveland, 33 S. C. 339; Brand v. McMahon, 61 Hun, 625; Herman, Chat. Mort. § 138; Case Mfg. Co. v. Garver, 45 Oh. St. 289; Myrick v. Bill, 3 Dak. 284.

*Draper, Davis & Hollister* and *H. J. Grannis,* for respondent.

The findings of court were justified by the evidence introduced by plaintiff. The chattel mortgage on the property given by Tozier was received in evidence, but there was no evidence that he was the owner of the property when he made the mortgage. No presumption arises from the execution of a chattel mortgage that the mortgagor owns the property mortgaged. Warner v. Wilson, 73 Iowa, 719; Everett v. Brown, 64 Iowa, 420; Jewell v. Simpson, 38 Kan. 362.

Conceding even that the chattel mortgage was properly filed, so as to make it constructive notice as against a purchaser of personal property, such filing would not amount to constructive notice as against defendant, a purchaser of the land on which the mill was located and of which it became a part. The defendant was not required to search any records, except those in the registry of deeds and the record of judgments. G. S. 1894, § 4140; Jones, Chat. Mort. § 134; Bringholff v. Munzenmaier, 20 Iowa, 513. See, also, Smith

v. Waggoner, 50 Wis. 155; Tibbetts v. Horne, 65 N. H. 242; Hunt v. Bay St. I. Co., 97 Mass. 279.

Warner v. Kenning, 25 Minn. 173, has no application to this case, for in that case the owner of the land knew of the chattel mortgage at the time he bought. As to when chattels become a part of the realty to which they are annexed, see Voorhees v. McGinnis, 48 N. Y. 278; Pierce v. George, 108 Mass. 78; Richardson v. Copeland, 6 Gray, 536.

CANTY, J.

This is an action for damages for conversion of a building used as a sawmill, and for the sawmill and machinery contained in the same. On the trial it was stipulated that the jury should find the value of the property, and the judge should dispose of all other issues. The jury found the value, and the judge, on the other issues, found for defendant. From an order denying a new trial, plaintiff appeals.

1. Respondent claims that the proposed "case" was not properly settled and allowed, and moves to strike it out. When the decision was filed, the court ordered a stay of thirty days, and allowed plaintiff "that time in which to serve a 'case' or bill of exceptions." The proposed "case" was served within the thirty days by delivering to respondent the original proposed "case," not a copy of the same. This was returned. Appellant made a copy, and served it five days after said thirty-day stay had expired. This was also returned. In the meantime, on the last day of this stay, appellant procured ex parte a further stay of twenty days, and so notified respondent at the time of re-serving the proposed "case." Appellant moved the court to settle the "case," and, after hearing the parties, the court ordered the service of the proposed "case" to stand as proper service, and ordered appellant to furnish respondent a copy of the proposed "case," and that respondent have ten days thereafter in which to propose amendments thereto. The copy was furnished, but respondent proposed no amendments thereto, and after the ten days the "case" was settled.

Respondent does not complain because he was not given fifteen days, instead of ten, in which to propose amendments, and, under

all the circumstances, we cannot say that the court abused its discretion in disposing of the irregularities in practice and laches of appellant and the technical and exacting positions of respondent. The motion is denied.

2. On May 25, 1891, David Tozier was the owner of all of said property which stood on land not owned by him in the town of Windemere, in Pine county, Minnesota. On that day he executed to plaintiff a chattel mortgage on all of the same, and the mortgage was then filed in the office of the clerk of the town. Some time afterwards Tozier moved the building, sawmill and machinery onto land owned by him at La Prairie, Itasca county, reconstructed the building on this land, and placed the machinery therein in position to commence sawing lumber. Thereafter on May 25, 1892, he mortgaged the land to defendant, who subsequently foreclosed his mortgage in due form under the power of sale therein contained, and bid in the property at the foreclosure sale. On September 1, 1893, the year to redeem expired. No redemption was made, and defendant, as between him and Tozier, became the owner of all of the property, except, possibly, some parts of the machinery and some of the tools, which were not attached to the realty. Plaintiff claims through the chattel mortgage, and defendant through the real-estate mortgage and the foreclosure proceedings.

For the purposes of this case it may be conceded that Tozier could not, without plaintiff's consent, annex the building, mill and machinery to the realty so as to defeat plaintiff's claim under his chattel mortgage. The building, mill and machinery were personal property when the chattel mortgage was given; and it may be conceded that, if it was properly filed of record, such subsequent attempt of Tozier to annex them to the realty would not destroy the constructive notice of that record so that third persons could subsequently become innocent purchasers or mortgagees of the property under Tozier. True, the constructive notice continues for only two years after a chattel mortgage is filed (G. S. 1894, § 4131), but it will be observed that the real-estate mortgage was given, and the property was sold on foreclosure of the same, within the two years. But the evidence does not show that the chattel mortgage

was properly filed of record.   G. S. 1894, § 4130, provides that such mortgages

"Shall be filed in the town, city or village where the property mortgaged is at the time of the execution of such mortgage, and a copy thereof filed in the town, city or village where the mortgagor, if a resident of this state, resides at the time of the execution thereof."

The mortgage was filed in the town of Windemere, where, at the time of its execution, the property was; but there is no evidence as to where Tozier then resided, or that a copy of the mortgage was filed at the place of his residence.   True, the mortgage recites that Tozier is "of the town of Windemere, county of Pine, and state of Minnesota"; but, conceding that this recital would be evidence against Tozier that he then resided in said town, is it evidence of that fact as against this defendant?

The admissions of the owner of a chattel (while he was such owner) in disparagement of his title are admissible against his assignee if there is identity of interest.   1 Am. & Eng. Enc. (2d Ed.) 680;  1 Greenl. Ev. § 190;  Wood, Prac. Ev. § 165.   And it may be conceded that defendant is such an assignee.   But, clearly, the admission of Tozier that he is "of the town of Windemere" is neither in disparagement of his title nor against his interest.   Whether he lived in the town or not, and whether the mortgage was properly filed of record or not, it was perfectly good and enforceable as between him and plaintiff.   In fact, if Tozier was insolvent, or in failing circumstances, it might be for his interest to prevent the chattel mortgage from being properly filed, as a failure to file it properly might give him an opportunity to dispose of the property to innocent third parties free of the mortgage.   Then, while his admission was not in disparagement of his own title, it would be in disparagement of defendant's title.   Under these circumstances, the admission is not competent evidence against defendant.

There being no evidence that the chattel mortgage was properly filed of record, or that defendant had actual notice of its existence, plaintiff is not entitled to recover for any of the articles attached to the realty.

3. Appellant claims that the tools and some of the machinery

were not attached to the realty so as to become a part of the same as between Tozier and respondent, and that, therefore, appellant was entitled to recover for the conversion of the same. Conceding this, the value of none of these articles has been separately found, and no finding of that character has been asked for. The jury found the value of all the property in a lump sum at $1,500, and no other finding as to value has been made or asked for. Under these circumstances, appellant would be entitled to judgment for only. nominal damages. But in such a case this court will not reverse where the appellant is entitled to only nominal damages. Palmer v. Degan, 58 Minn. 505, 60 N. W. 342.

Order affirmed.

Upon a petition for reargument an order was filed on February 2, 1898, granting a reargument upon briefs on the following points:

(1) Did the court below err in receiving in evidence the real-estate mortgage, and the papers showing the foreclosure proceedings under the same, as asserted by the seventh and eighth assignments of error?

(2) Do the assignments of error raise the point that, for the reason that defendant has not shown that it is an innocent mortgagee or purchaser for value without notice, the court erred in finding for defendant; and, if the assignments of error raise the point, is it well taken?

*Charles S. Wheaton*, for appellant.

As a chattel mortgage without filing is good against all but purchasers for value, the burden of proof was on respondent to prove that it belonged to that class. Bank v. Ellis, 30 Minn. 270; McNeil v. Finnegan, 33 Minn. 375; Wright v. Larson, 51 Minn. 321; Roussain v. Patten, 46 Minn. 308. The mere recital of the receipt of a consideration in respondent's mortgage is not admissible as evidence against a person who claims under a prior conveyance. There must be evidence dehors the instrument itself to show a consideration. Wait, Fraud. Conv. § 220; Greenleaf, Ev. § 23; Valley v. Atkins, 50 Ark. 289; Rogers v. Verlander, 30 W. Va. 619; Flynn v. Jackson, 93 Va. 341; De Farges v. Ryland, 87 Va. 404. The deed

of the defendant did, it is true, purport to be executed for a valuable consideration, but it is not evidence of a payment of a consideration as against the plaintiff.   Nolan v. Grant, 2 Iowa, 599.

A seal does not import consideration as against strangers to the instrument.   Garden v. Derrickson, 2 Del. Ch. 386, 95 Am. Dec. 286, note; Trafton v. Hawes, 102 Mass. 533; Farrington v. Barr, 36 N. H. 86.

*Draper, Davis & Hollister* and *H. J. Grannis*, for respondent.

The objection to the introduction in evidence of the respondent's mortgage that it was incompetent, irrelevant and immaterial, is not sufficiently specific to raise the objection that it was not given for a valuable consideration.   Nelson v. Chicago, 35 Minn. 170; Cannady v. Lynch, 27 Minn. 435; Smith v. Bean, 46 Minn. 138; Vaughan v. McCarthy, 63 Minn. 221; Levine v. Lancashire, 66 Minn. 138; Noonan v. Caledonia, 121 U. S. 393, 400; New York v. Blair, 79 Fed. 896; Wilson v. Kings Co., 114 N. Y. 487; Cox v. Stout, 85 Ind. 422; Bundy v. Hyde, 50 N. H. 116; McClellan v. Bond, 92 Ind. 424; City v. Albertose, 8 Mont. 499; Thompson, Trials, §§ 690, 693.

The point that respondent did not prove it was a mortgage for value is not well taken.   The real-estate mortgage and foreclosure proceedings were sufficient evidence of respondent's title, without proof of actual consideration for the mortgage.

We further insist that the mill, having become a part of the real estate, no action for damages for the conversion thereof, after the same became a part of the realty, can be maintained, hence, upon the record in this case, the decision must necessarily be in favor of the defendant, whether it be an innocent mortgagee or purchaser for value or not.   Knowlton v. Johnson, 37 Mich. 47; Woodruff v. Adams, 37 Conn. 233; Thweat v. Stamps, 67 Ala. 96; Jackson v. Walton, 28 Vt. 43.

The following opinion was filed on April 15, 1898.   .

CANTY, J.

A reargument was granted in this case on certain points, after the filing of the former opinion.

Appellant now presses the point that defendant did not on the

trial show itself to be an innocent mortgagee or purchaser for value, without notice, and is therefore not in position to take advantage of the failure of plaintiff to file properly of record his prior chattel mortgage. This point was so faintly made on the former argument that we overlooked it. We are of the opinion that the assignments of error were sufficient to raise the point, and that it is well taken.

It was incumbent on defendant to prove that it stood to the property in the relation of an innocent mortgagee or purchaser for value. McNeil v. Finnegan, 33 Minn. 375, 23 N. W. 540; Wright v. Larson, 51 Minn. 321, 53 N. W. 712. There was no evidence to show that defendant was such an innocent mortgagee or purchaser, or that it parted with any consideration for the mortgage or the property. As before intimated, we are of the opinion that Tozier could not annex this building and machinery to the realty so as to defeat plaintiff's rights. Defendant's mortgage and the foreclosure proceedings under the same were properly introduced in evidence. The objection lies not to their competency, but to their effect as evidence under the circumstances of this case.

We are also of the opinion that under all the circumstances it will be more equitable to grant a new trial of all the issues,—those tried by the jury as well as those tried by the court. The order appealed from is therefore reversed, and a new trial granted.