# J. H. McCAULEY v. ALBERT WUEST.[1]

### March 11, 1910.

### Nos. 16,464—(38).

**Objection after Trial.**

[An objection that the answer in an action for conversion does not put in issue plaintiff's title to the grain converted is too late when made after trial. Reporter.]

**Action Dismissed.**

[Where the description of the land in the chattel mortgage of crops, under which plaintiff claimed, was alleged to be defective, the trial court did not err in dismissing the case at the close of plaintiff's testimony. Reporter.]

Action in the district court for Pope county to recover $100, the value of plaintiff's property in certain flax and oats converted by defendant. The substance of the answer is given in the opinion. The reply was a general denial. Plaintiff claimed as mortgagee under a chattel mortgage from Ed. Olson of one half of all crops growing or to be grown on certain land. When plaintiff rested, defendant moved that the action be dismissed. The motion was granted, Flaherty, J. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*E. M. Webster,* for appellant.

*Henry T. Ronning,* for respondent.

[1] Reported in 125 N. W. 1021.

110 M.—34.

PER CURIAM.

Plaintiff and appellant sued defendant and respondent, and alleged that he was lawfully in possession of certain flax and oats, that defendant took and carried away said property, and unlawfully converted the same to his own use, to plaintiff's damage. The answer denied the conversion, and set up that one Olson and this defendant agreed in writing that Olson should till defendant's farm, and plant, harvest, and thresh crops of grain; that Olson did not thresh the grain, but abandoned the agreement, and surrendered the crops to defendant, in order that defendant might apply the proceeds to pay advances made to Olson by defendant; that defendant took possession of the crops abandoned by Olson, and appropriated Olson's share thereof to the satisfaction of the said indebtedness; and that such proceeds were insufficient to fully satisfy the said indebtedness.

The court granted defendant's motion to dismiss because plaintiff failed to produce sufficient evidence to make out a case against the defendant. Plaintiff appealed from the order of the trial court denying his motion for a new trial.

The plaintiff insists that the ownership of the grain in question was not put in issue by defendant's answer. If this objection had been raised before trial, it might have been appropriate to have required defendant to amend. The objection is, however, made after trial. It is at best technical in character. Plaintiff's position, and his evidence introduced to sustain it, are inconsistent with it. There is no merit in the contention.

The gist of the controversy is whether the description in a chattel mortgage on which plaintiff based his claim was "so defective that without reformation it is unintelligible." We have examined the record carefully on this point. From that examination we are satisfied that the conclusion of the trial court must be affirmed. The same conclusion is necessitated by other views of the case, discussion of which would be a work of supererogation. The decisions in McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437, and Wright v. Larson, 51 Minn. 321, 53 N. W. 712, 38 Am. St. 504, are in no wise inconsistent with the conclusion here reached on the particular state of facts here involved.

Affirmed.