# BIG STONE COUNTY BANK v. CROWN ELEVATOR COMPANY.[1]

July 15, 1910.

Nos. 16,585—(114).

**Chattel mortgage — burden of showing good faith on second mortgagee.**
> A chattel mortgage upon growing crops, filed in the town where the land is situated, is valid as between the parties, although not filed in the town wherein the mortgagor resides, and the burden is on the second mortgagee to prove that he became such in good faith, without notice; and for a valuable consideration then paid.

**Description of land sufficient.**
> The description of the land was sufficient to enable a person examining the chattel mortgage to ascertain, by inquiry, the correct number of acres, and the mortgage was not void for indefiniteness of description.

[1] Reported in 127 N. W. 181.

---

[Note] Necessity of filing chattel mortgage in state where property is located, see note to Snyder v. Yates (Tenn.) 64 L. R. A. 361.

**Refusal to open judgment proper.**

> The trial court did not abuse its discretion in refusing to open the judgment and permit appellant to introduce new evidence as to the value of the land at the time respondent redeemed from the foreclosure sale of a prior mortgage.

Action in the district court for Big Stone county to recover $425 for the conversion of grain. The answer was a general denial. The facts are stated in the opinion. At the trial in November, 1908, before Flaherty, J., it was stipulated by the parties that the defendant made no claim to the proceeds of the grain; that they might be deposited with the clerk of court to be paid out under the order of court, the defendant should be released from liability, and that the First National Bank of Graceville made claim to the property under the chattel mortgage mentioned in the opinion and might litigate its claim in this action. The court made findings of fact and ordered judgment for plaintiff in the sum of $300.23.

In February, 1909, defendant moved to reopen the case and submit further testimony. The moving affidavits tended to prove that in January, 1908, the O'Brien Land Company foreclosed its mortgage and the property was sold to it for the amount then due on the mortgage; before the year of redemption had expired plaintiff filed notice of intention to redeem from the foreclosure and on January 12, 1909, did redeem therefrom; the Graceville Bank gave a similar notice of redemption but made no attempt to redeem. The motion of defendant was denied.

From the judgment in favor of plaintiff entered pursuant to the order, defendant appealed. Affirmed.

*F. W. Murphy,* for appellant.
*Cliff & Purcell,* for respondent.

LEWIS, J.

John W. Lynch owned two hundred eighty acres of land, situate in the town of Walls, Traverse county, which was in possession of and operated by a tenant. Mr. Lynch himself lived in the town of Tara, same county. The following mortgages, in the order named,

were executed on the land or upon the growing crops: (1) A mortgage of $4,000 on the land to the O'Brien Land Company, of date July 7, 1902. (2) A mortgage of $2,854.16 on the land to the Big Stone County Bank, respondent here, dated December 22, 1904, and due November 1, 1905. (3) A chattel mortgage of $2,854 on an undivided one-half of the crops to be grown during the years 1907 and 1908, executed to respondent bank to secure the same debt and interest secured by the real estate mortgage, above described, which was filed with the town clerk of the town of Walls on July 13, 1907, and a certified copy filed with the town clerk of the town of Tara on August 25, 1908. (4) A mortgage of $1,912 on the real estate, executed to the First National Bank of Graceville, dated July 26, 1907, and due November 1, 1909. (5) A chattel mortgage on the undivided one-half of the crops for the season of 1908, executed to the First National Bank of Graceville, on the second day of December, 1907, and filed with the town clerk of the town of Walls on December 10, 1907.

Three hundred and sixty-one and five one-hundredths bushels of wheat grown upon the premises during 1908 came into the possession of appellant elevator company, and this action was commenced by respondent bank for the purpose of recovering possession thereof, claiming the same under its chattel mortgage. It was stipulated at the trial that the wheat was of the value of $300.23, that it was raised upon the land described in respondent's mortgage during the season of 1908, and that it belonged to John W. Lynch, the mortgagor, at the time of its delivery, subject to the mortgages which might be shown at the trial. It was also stipulated that appellant elevator company made no claim to the proceeds of this grain, and the contention was between respondent bank and the First National Bank of Graceville.

The trial court found that the chattel mortgage executed by Lynch to the First National Bank of Graceville December 2, 1907, was given to secure the same indebtedness secured by the real estate mortgage to the same bank, executed July 26, 1907; and the court found that the note was not due at the time of its execution; that the bank paid no new or valuable consideration for the chattel mortgage, and

111 M.—26.

parted with and surrendered no right or privilege it then had under the existing note and real estate mortgage, and held that respondent's mortgage was valid as between the parties. A certified copy of the Big Stone Bank's mortgage had not been filed in the town where Lynch resided at the time of the execution of the second mortgage, but had been filed in the town where the land was situated.

The evidence and findings are silent as to actual notice by the First National Bank of Graceville of the prior mortgage, but appellant insists that it has a right to rely upon the failure to file in the other town. The prior mortgage was valid as between the parties, although it was not filed in the town where the mortgagor lived, and the burden was upon the Graceville Bank to show that it was a mortgagee in good faith, without notice, and for a valuable consideration then paid. Nickerson v. Wells-Stone Mercantile Co., 71 Minn. 230, 73 N. W. 959, 74 N. W. 891; Wright v. Larson, 51 Minn. 321, 53 N. W. 712, 38 Am. St. 504; McNeil v. Finnegan, 33 Minn. 375, 23 N. W. 540.

It does not appear that the Graceville Bank was misled by the description of the real estate in the chattel mortgage given to respondent bank, conceding that description was indefinite as to the number of acres. The original is not in the record, and we are inclined to the opinion that appellant is not entitled to raise this question. It is enough here to say that, conceding the punctuation as used in the printed record throws some doubt on the correct number of acres, yet the land was clearly described in other respects, and an examination of the record would easily have disclosed the actual facts to the parties interested. An insufficient or ambiguous description in a mortgage does not render the instrument void, if there is sufficient to enable a third party to identify the property. Strolberg v. Brandenberg, 39 Minn. 348, 40 N. W. 356. The mortgage was given to secure a debt past due, with the interest added, and was a valid lien upon the wheat in question, under which respondent was entitled to claim the same.

The trial court did not abuse its discretion in refusing to open the judgment and permit the First National Bank of Graceville to introduce new evidence to show that the total amount paid by re-

spondent in redemption from the O'Brien mortgage was less by $1,000 than the value of the land. The bank had the opportunity to redeem as a subsequent creditor, but did not do so, and the showing made upon the motion was entirely inadequate to call upon the trial court to open the case.

The evidence sustains the findings of fact, and the order appealed from is affirmed.