## MOSES GOLDBERG v. BRULE TIMBER COMPANY AND OTHERS.

## EDMUND INGALLS, INTERVENER.[1]

### June 14, 1918.

### No. 20,855.

**Chattel mortgage — law of Michigan.**

    1. The validity of a chattel mortgage upon property in Michigan and the rights of the parties under it, are governed by the laws of Michigan.

**Same — unfiled mortgage void as to creditors of mortgagor, when no change of possession.**

    2. Under the Michigan statutes, as construed by the Michigan courts, where possession of the mortgaged property is not transferred, failure to properly file the chattel mortgage renders it absolutely and conclusively void as to creditors of the mortgagor who become such after the mortgage is given and before the statute is complied with, and such creditors may attack the mortgage although they did not acquire a lien during the period of noncompliance with the statute.

**Same — right of trustee in bankruptcy.**

    3. A trustee in bankruptcy has the right to assail such a mortgage on behalf of general creditors who became such after the mortgage was given.

**Same — creditors not affected by mortgagee taking possession, when.**

    4. Possession, taken by the mortgagee in legal proceedings after the rights of creditors have become fixed, can detract nothing from the rights of such creditors.

    Action in the district court for St. Louis county to recover possession of 12 horses and equipment, and in case delivery could not be had for $3,200 the value thereof. The separate answers were general denials. Edmund Ingalls, as trustee in bankruptcy of Brule Timber Company, filed his complaint in intervention and alleged that the bankrupt corporation was the owner of the property. The facts are stated in the opinion. The case was tried before Fesler, J., and a jury which returned

[1]Reported in 168 N. W. 22.

a verdict in favor of intervener. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*C. W. Stilson* and *B. M. Goldberg,* for appellant.

*Fryberger, Fulton & Spear,* for respondent.

HALLAM, J.·

In October, 1915, the Brule Timber Company, a Duluth corporation, was engaged in logging operations near Ontonagon, Michigan. Plaintiff, a resident of Duluth, sold to this company 12 horses with harness. The property was shipped from Duluth to Ontonagon. The negotiation was begun in Duluth but was completed after the horses arrived in Michigan. Notes were given for the price and to secure them a chattel mortgage was given covering the property sold and other property. Plaintiff sent the mortgage to the proper officer in Michigan for filing and it was received and filed, but the statute relative to the filing of chattel mortgages was not complied with.

After the consummation of the negotiations above mentioned, the Brule Timber Company incurred debts to creditors and later became insolvent. The mortgaged property was transferred to defendant Taylor, a creditor, and was shipped by him to Minneapolis. Plaintiff then commenced this action in replevin and the property was seized by the sheriff under process. Taylor immediately rebonded and the property was redelivered to him. Soon thereafter the Brule Timber Company was adjudicated a bankrupt. The trustee in bankruptcy intervened. The trial court ruled that plaintiff's mortgage was void as to creditors and gave plaintiff no rights in the property and submitted to the jury only the question of the validity of the transfer to Taylor. The jury found against Taylor. The result was to give the property to the trustee. Plaintiff alone appeals.

The question on this appeal is whether the rights of the intervener as trustee for creditors are superior to those of the mortgagee.

1. The property had its situs in Michigan. The laws of Michigan provide, that a chattel mortgage not accompanied by immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void against the creditors of the mortgagor, unless the mortgage is filed and the mortgagor or some one

in his behalf shall, before filing, make and annex thereto an affidavit setting forth that the consideration was actual and adequate and that the same was given in good faith, and that no officer shall receive or file a chattel mortgage until such affidavit is made and annexed thereto.  4 How. St. § 11,407.  This statute was not complied with.  The affidavit there provided for was never made.

The creditors of the bankrupt company who became such after this mortgage was given were all general creditors, that is, none had any lien upon this property, and none acquired any by attachment or otherwise prior to the bankruptcy.  There is a line of decisions of this court to the effect that the validity of a chattel mortgage not filed as required by law cannot be questioned by a creditor of the mortgagor, unless, while the mortgage is still unfiled and the possession with the mortgagor, he has laid hold of the mortgaged property by legal process or is in a position to invoke estoppel or show fraud.  Ellingboe v. Brakken, 36 Minn. 156, 30 N. W. 659;  Howe v. Cochran, 47 Minn. 403, 50 N. W. 368; Clark v. B. B. Richards Lumber Co. 68 Minn. 282, 71 N. W. 389.  Plaintiff urges that these decisions rule this case.  If this were a mortgage upon property situated in Minnesota, the laws of Minnesota would control and the rule of these Minnesota decisions would be applied.  But this was a Michigan mortgage, and its validity and the rights of the parties under it are governed by the statutes of Michigan as construed by the courts of that state.  6 Cyc. 1060; Swedish-American Nat. Bank of Minneapolis v. First Nat. Bank of Gardner, 89 Minn. 98, 94 N. W. 218, 99 Am. St. 549; Green v. Van Buskirk, 7 Wall. 139, 19 L. ed. 109; Aultman & T. Mach. Co. v. Kennedy, 114 Iowa, 444, 87 N. W. 435, 89 Am. St. 373; In re Antigo Screen Door Co. 123 Fed. 249, 59 C. C. A. 248; Etheridge v. Sperry, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. ed. 171; In re Johnson, 212 Fed. 311.

2.   Under the Michigan statute it has been held in numerous Michigan cases that noncompliance with the statute renders the mortgage not merely presumptively void but absolutely and conclusively void as to creditors of the mortgagor who become such after the mortgage is given and before the statute is complied with.  Fearey v. Cummings, 41 Mich. 376, 1 N. W. 946;  People v. Burns, 161 Mich. 169, 125 N. W. 740, 137 Am. St. 466; City Bank & Trust Co. v. Hurd, 179 Mich. 454,

146 N. W. 299; O'Neil v. Brooks, 180 Mich. 540, 546, 147 N. W. 537, and that such creditors may attack the mortgage although they never acquired a lien on the mortgaged property during the period of noncompliance with the statute. Charles Root & Co. v. Harl, 62 Mich. 420, 29 N. W. 29; Dempsey v. Pforzheimer, 86 Mich. 652, 49 N. W. 465, 13 L. R. A. 388; People v. Burns, supra; O'Neil v. Brooks, supra.

Symons Bros. & Co. v. Brink, 194 Mich. 389, 160 N. W. 638, does not hold otherwise. That decision is based on the peculiar language of another section of the Michigan statute. See page 396.

3. The trustee represents all the creditors of the bankrupt company and has all rights possessed by any or all creditors at the time the company became bankrupt. Bankruptcy Act, § 67a and b; In re Bothe, 173 Fed. 597, 97 C. C. A. 547; First Nat. Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. ed. 967; Baker v. Pottle, 48 Minn. 479, 51 N. W. 383. He has the undoubted right to assail this mortgage on behalf of general creditors who became such after the mortgage was given. Brown v. Brabb, 67 Mich. 17, 34 N. W. 403, 11 Am. St. 549. It is quite likely true, as held in Fearey v. Cummings, 41 Mich. 376, that a "creditor at large" can assail the mortgage only by means of some proceeding against the property. This is a question of practice. It gives us no concern. The bankruptcy proceeding is a proceeding against this and all property of the bankrupt. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Shay v. Security Bank of Duluth, 67 Minn. 287, 69 N. W. 920.

4. Some reliance is placed on the fact of possession taken in these proceedings. We are not impressed with the idea that possession taken in invitum by a sheriff under a writ of replevin at the instance of the mortgagee followed by a rebonding and redelivery of the property can add anything to the rights of the mortgagee. See Stein v. Munch, 24 Minn. 390; Gallagher v. Rosenfield, 47 Minn. 507, 50 N. W. 696; Schaupp v. Miller (D. C.) 206 Fed. 575; Madson v. Rutten, 16 N. D. 281, 113 N. W. 872, 13 L.R.A.(N.S.) 554; Manderville v. Avery, 124 N. Y. 376, 26 N. E. 951, 21 Am. St. 678. Surely, possession taken in that or any other manner after the rights of creditors have become fixed can detract nothing from the rights of such creditors. Sheets v.

Poff, 123 Iowa, 714, 99 N. W. 573; Post v. Berry, 175 Fed. 564, 99 C. C. A. 186.

Order affirmed.