J. A. NELSON AND ANOTHER v. DAN W. McDONALD
AND OTHERS.
J. A. NELSON AND ANOTHER v. G. SCHMIDT.[1]

December 1, 1922.

No. 23,084.

Cropper's contract construed as chattel mortgage—rights of owner in possession of grain superior to attaching creditor of cropper, when.

1. A provision in a farm contract reserving the title to the cropper's share of the grain as security for his indebtedness to the landowner is in effect a chattel mortgage, and the contract should be filed as a chattel mortgage. But, if the landowner takes possession of the grain before any other lien attaches thereto, his rights are superior to those of a subsequent attaching creditor, although the contract was not filed.

Refusal to strike out answer when summons had not been served.

2. Where there has been no service of the summons, plaintiffs are not prejudiced by the denial of their motion to strike out an answer interposed in defendant's behalf without his authority.

Uncontradicted testimony not binding on court.

3. The court was not bound to accept the uncontradicted testimony of two witnesses as true under the facts stated in the opinion.

Two actions in the district court for Clay county to recover $700 and $540, respectively. The cases were tried together before Nye, J., who made findings and as conclusions of law found in the McDonald case that plaintiffs were entitled to recover the proceeds of one-third of the oats and the Gruhls two-thirds, and in the Schmidt case that plantiffs should recover $387. From an order denying their motion for amended findings and conclusions or for new trials, plaintiffs appealed. Order denying new trial in McDonald case reversed and case remanded; order denying new trial in Schmidt case affirmed.

*Hammett & Morton,* for appellants.
*Charles S. Marden,* for respondent.

[1]Reported in 191 N. W. 281.

LEES, C.

Plaintiffs entered into a contract with the defendant Schmidt, whereby he agreed to till their farm in Clay county during the farming season of 1920, and 'they agreed to deliver to him, for his services, 2/3 of the crops produced on the farm. It was agreed that plaintiffs should retain possession of the crops until a division thereof, and should have the right to hold out of Schmidt's share enough to pay his indebtedness to them, if any there should be. The contract was not filed as a chattel mortgage. Schmidt planted all but 50 acres of the tilled land with seed grain furnished by the respondent Fritz Gruhl, a cousin with whom he had lived for several years. Gruhl neglected to take a seed grain note or contract to secure a lien on the crops. Near the end of June, plaintiffs' agents discovered that all the land was not being cropped. To make good plaintiffs' damage resulting from this breach of the contract, they took Schmidt's note for $75. They assert that they also obtained from him a promise to summer fallow the unplanted land. Schmidt harvested and threshed the grain, disposed of some of it, and then abandoned the farm and went to parts unknown. On October 20, 1920, Gruhl brought an action against him, obtained a writ of attachment and delivered it for service to the respondent McDonald, who is the sheriff of Clay county. On the same day, plaintiffs' agents went to the farm and began to haul away the grain. After they had hauled off two loads of oats, they received notice from McDonald to desist, and hauled no more grain. McDonald did not actually take the grain into his possession, but late in the afternoon filed a copy of the writ of attachment, with his return thereon, in the office of the register of deeds. On October 25, plaintiffs served the affidavit and demand prescribed by section 7843, G. S. 1913, and subsequently sued McDonald for the conversion of the grain. They also brought an action against Schmidt on his $75 note, on another note of $250 he had given for the hay crop, and for $150 damages for the breach of his alleged promise to summer fallow 50 acres. The first case will hereafter be referred to as the McDonald case, and the second as the Schmidt case.

In the McDonald case, by order of the court obtained upon plaintiffs' application, Gruhl and his son Richard were required to appear and answer. They answered, pleading the attachment and claiming the grain by virtue thereof. In the Schmidt case, at Gruhl's request his attorney answered for Schmidt, admitting the execution of the notes and denying the promise to summer fallow the land. The two actions were consolidated for trial and tried by the court. In the McDonald case, the court held that by virtue of the attachment the Gruhls were entitled to 2/3 of the grain; and, in the Schmidt case, that there should be no recovery of damages for the failure to summer fallow the land. In each case plaintiffs moved for amended findings and for a new trial, and have appealed from the denial of their motions.

## McDonald Case

In McNeal v. Rider, 79 Minn. 153, 81 N. W. 830, 79 Am. St. 437, it was held that a provision reserving the title to the cropper's share of the grain as security for his indebtedness to the landowner was in legal effect a chattel mortgage, and was not valid as against a subsequent bona fide purchaser, unless it was filed as a chattel mortgage. But, although a chattel mortgage is not filed, it is well settled that, as between the parties, it is valid nevertheless. McNeil v. Finnegan, 33 Minn. 375, 23 N. W. 540; Nickerson v. Wells-Stone M. Co. 71 Minn. 230, 73 N. W. 959, 74 N. W. 891; Big Stone County Bank v. Crown Elev. Co. 111 Minn. 399, 127 N. W. 181. It is also settled that the validity of an unfiled chattel mortgage cannot be questioned by a creditor of the mortgagor unless, while the mortgage is still unfiled and the possession is with the mortgagor, the creditor has laid hold of the mortgaged property by legal process or is in a position to invoke an estoppel or to show fraud. Goldberg v. Brule Timber Co. 140 Minn. 335, 168 N. W. 22, and cases cited on page 337, 168 N. W. 22. And, finally, it is held that, if a mortgagee takes possession of the mortgaged property before any other lien attaches thereto, his title is valid as against subsequent attachment or execution creditors, there being no fraud in fact, although the mortgage was not filed or the property delivered when

the mortgage was made. Prouty v. Barlow, 74 Minn. 130, 76 N. W.. 946.

In the case at bar the evidence showed conclusively that plaintiffs' agents had taken possession of the grain and hauled a portion of it to an elevator before the sheriff made the attachment. Applying the foregoing rules, we hold that the lien Gruhl acquired by virtue of his attachment after plaintiffs had taken possession of the grain was subordinate to plaintiffs' right to resort to Schmidt's share of the grain to obtain payment of his indebtedness to them.

## SCHMIDT CASE

Gruhl testified that he had directed his attorney to interpose the answer in this case, although Schmidt had given him no authority to represent him. Thereupon plaintiffs moved that the answer be stricken out, but the motion was denied. At the close of the evidence, the attorneys entered into a stipulation of facts and agreed that the court should pass upon all questions of fact set out in the stipulation. It is now insisted that there was error in the refusal to strike out the answer. Gruhl was interested in the outcome of the litigation, for the amount of plaintiffs' lien on the grain he had attached would depend upon the amount of their recovery from Schmidt. It would seem that he had a sufficient interest to entitle him to intervene had he sought to do so. But if the appearance and answer in Schmidt's behalf were unauthorized and plaintiffs' motion had been granted, they would have been no better off, for the summons had not been served on Schmidt. They could not obtain a personal judgment against him unless it was served or he had appeared, and, therefore, we fail to see how they were prejudiced by the denial of their motion.

But plaintiffs insist that they are entitled to a reversal because the evidence showed conclusively that there was an agreement for summer fallowing 50 acres of land. Plaintiffs' agents testified that such an agreement was made, and there was no direct evidence to the contrary. But these words appear on the face of the $75 note: "This note is given in payment of land not farmed." The

alleged agreement was not reduced to writing although it involved a larger sum of money than the note. Schmidt remained on the farm throughout the summer, but plaintiffs' agents testified to no efforts on their part to secure from him the fulfilment of his alleged promise. Taking these facts and circumstances into consideration, we are of the opinion that the court was not bound to accept the testimony of these two witnesses as true, merely because it was uncontradicted, and that error cannot be predicated upon its refusal to find that the alleged agreement was made. Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Uphoff v. McCormick, 139 Minn. 392, 166 N. W. 788; Schendel v. Mundt, supra, page 209, 190 N. W. 56.

The record shows that plaintiffs will receive payment of part of their claim against Schmidt in hay, awarded to them in another action. Under the stipulation of the parties, this should be taken into account in ascertaining the amount for which judgment should be entered.

The order denying plaintiffs' motion for a new trial of the McDonald case is reversed and the case remanded for further proceedings in accordance with this opinion. The order denying the motion for a new trial of the Schmidt case is affirmed. No statutory costs to either party will be allowed in this court.