E. A. REED v. LAURENCE E. HORTON AND OTHERS.[1]

November 24, 1916.

Nos. 20,164—(82).

**Lien — repair of motor vehicle — lien statement.**

> Where, upon different dates and as separate transactions, labor or material is furnished for the repair of a motor vehicle, a single lien statement may be filed therefor, provided the item first furnished was so furnished within 60 days of the date of filing the statement.

Action in the district court for Ramsey county to recover $204.86 for labor and materials furnished and to foreclose a lien for the same upon a motor vehicle. The case was tried before Olin B. Lewis, J., who made findings as set out in the first paragraph of the opinion. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*George G. Chapin,* for appellant.

*Charles A. Lethert,* for respondents.

HOLT, J.

Between December 3, 1914, and October 11, 1915, plaintiff, at various times, furnished material and labor in repairing an automobile in the possession of a conditional vendee. In all some 16 tires were furnished. A number of inner tubes were also furnished and repaired. A lien statement was filed on November 15, 1915, under the provisions of sections 7053-7057, G. S. 1913. The action is to foreclose this lien. The conditional vendors, whose contract was duly filed October 14, 1914, are the respondents. The court found that the different items of appellant's account "represent separate and distinct purchases and transactions on the different dates therein set forth," and permitted a lien, superior to respondents' conditional sale contract, only for the items furnished during the 60 days next prior to the filing of the lien. Appellant insists that, since there never was an interval of 60 days between the furnishing

[1]Reported in 159 N. W. 1080.

135 M—2

of any one item and the next, the whole account constitutes one lien and was preserved by filing the claim therefor within 60 days after furnishing the last item in the account. This is the only question before us. The conditional vendors not having appealed, we do not consider or pass upon the question whether a lien for motor vehicle repairs takes precedence over a prior mortgage or vendors' conditional contract duly filed before the repairs are furnished.

The sections above referred to give a lien upon a motor vehicle for labor contributed and materials furnished in making, repairing, storing or otherwise caring for the vehicle at the request of the owner or his agent. Owner includes a conditional vendee and a mortgagor in possession. We think the trial court held correctly that, when the repairs for such a vehicle are furnished at different times and constitute separate and distinct transactions, the right to claim a lien expires 60 days after each transaction. It cannot be conceived that the legislature intended lien claims against motor vehicles to have a floating existence for long periods of time without constructive notice thereof being given. For the protection of those who buy or take security on this class of property, it appears highly desirable that claims for lien should not date back more than a reasonable time after each transaction. The legislature fixed a reasonable time at 60 days. It is wrong in principle to allow liens for tires long after they are worn out and discarded. A person, buying the automobile in question just before the lien was filed, would, if appellant's construction of the statute is to prevail, face a claim for 16 tires, 12 of which had then completely disappeared. If separate transactions over long periods of time may be strung together into one lien, it is apparent that troublesome complications, likely to result in injustice, will arise where different lien claimants assert liens against the same motor vehicle.

Appellant contends that the construction we give the statute will result in the necessity of filing a separate lien for each item and in bringing a separate suit to foreclose each lien. We think not. Separate transactions for repairs upon the same vehicle may be included in one lien statement, provided the oldest item was furnished within 60 days of the time of filing the lien statement. And no difficulty would present itself in

foreclosing for all such items in one suit, and adjusting therein the rights of the other lien claimants, if any there should be.

We are not impressed with the suggestion that the statute giving liens for repairs on motor vehicles is to receive a more liberal construction than is the one giving mechanics' liens for placing improvements upon real estate. In the case of the latter, separate transactions may not be joined to preserve a lien for those extending back beyond lienable time, unless the labor performed or material furnished were so performed or furnished under one contract or for one general purpose. Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4; American Bridge Co. of New York v. Honstain, 120 Minn. 329, 139 N. W. 619. The purchase from a dealer of a tire for a motor vehicle today is not the manifestation of a general purpose to buy another tire from him tomorrow. Indeed, another tire might not be needed for a year, and such, no doubt, is the fervent hope of every automobile owner when he buys a new tire.

Order affirmed.