SNYDER AUTOMOTIVE INCORPORATED v. M. H. BOYLE
AND OTHERS.[1]

March 13, 1925.

No. 24,208.

**Filing statements of lien on motor vehicles.**
    1. Save in cities of the first class and counties wherein the salaries of the register of deeds are fixed by special law (exceptions made by section 7 of the act), chapter 364, L. 1915, as amended by chapter 158, L. 1917 (sections 8364-8370, G. S. 1923), requires the filing of statements of liens on motor vehicles with the register of deeds of the county where the property is situated.

**Statement of lien not objectionable when storage has been continuous.**
    2. Where the storage has been continuous, it is not an objection to such lien that the statement includes monthly storage charges for a period the last month of which expired more than 60 days before the filing of the lien statement.

    *Headnote 1. See Livery, Stable Keepers, 25 Cyc. p. 1508 (1926 Anno).
    Headnote 2. See Livery, Stable Keepers, 25 Cyc. p. 1509 (1926 Anno).

Three actions in replevin in the district court for Hennepin county. The partners composing the firm of Boyle & Mather filed their complaint in intervention in each case. The cases were tried together before Guilford, J., who ordered judgments in favor of interveners, granting them money judgments, liens upon the property claimed and sale of it to satisfy the liens. From orders denying its motions for new trials, plaintiff appealed. Affirmed.

    *Jamison, Stinchfield & Mackall,* for appellant.

    *Brill & Maslon, Robert S. Kolliner, Louis B. Schwartz* and *Essling & Trost,* for respondents.

    [1]Reported in 202 N. W. 481.

STONE, J.

Three actions in replevin, each of them involving a motor truck. Plaintiff claims as the original owner under conditional sales contracts made in May, 1920. Defendants were the purchasers. The interveners assert liens for repairs and storage which were sustained below. After the decision, there were motions for amended findings or a new trial, from the orders denying which plaintiff appeals.

The history of the controversy begins in Hennepin county where the trucks were originally sold by plaintiff to the three defendants as a partnership. The conditional sales contracts were properly recorded in Hennepin county. Plaintiff and all defendants are residents of Hennepin county. In March, 1921, defendant Boyle, acting for his firm, took the trucks to St. Louis county where, for about 5 months, in and about Hibbing and Eveleth, they were used constantly in contract work. During that period they were stored in garages belonging to interveners and, in addition to storage charges, defendants are indebted to interveners for repairs. Because of nonpayment of their charges, interveners assert liens which have been perfected under the statute, the lien statements having been filed with the register of deeds of St. Louis county.

The liens are now assailed by plaintiff upon the grounds: (1) That the statements should have been filed with the city clerk of Minneapolis where defendants, the owners of the trucks, reside, the filing with the register of deeds of St. Louis county being challenged as of no legal effect; and (2) as being excessive to the extent that they include charges accruing more than 60 days before the filing of the lien statements.

1. In support of its first contention plaintiff invokes section 8525, G. S. 1923, originally a part of chapter 320, p. 447, L. 1911. For interveners it is argued that chapter 364, p. 496, L. 1915, as amended by chapter 158, p. 236, L. 1917 (sections 8364-8370, G. S. 1923), has repealed the old law and now controls. The older statute provided for filing liens on motor vehicles in the office of the clerk or recorder of the town, city or village where the owner resided. The act of 1915 provides for filing with the register of deeds "in the county in which the said personal property is situate."

On this question, we must hold with interveners that chapter 364, p. 496, L. 1915, by title as well as contents, indicates a legislative purpose to adopt a new plan for recording all liens on personal property evidenced by written contract or statutory statement. The law is comprehensive. With the exceptions indicated in section 7 (cities of the first class and counties wherein the salaries of the registers of deeds are fixed by special law), the intention is clear that town clerks and village and city recorders shall cease to function as recorders of liens on personal property and documents concerning them and be superseded by the register of deeds. The statute requires a transfer within a limited period by each clerk or recorder to the register of deeds of his county of "all instruments evidencing liens on or reserving title to personal property, then on file with him, and all records of the same in his custody" and repeals all inconsistent statutes. It also specifies what indices the registers of deeds shall keep and fixes a schedule of fees for the new duties thus imposed. There is not a word to except from the new scheme any particular variety of liens. The enumeration of certain excepted cities and counties in section 7 indicates the extent to which the legislature wished to limit the operation of the law. It is not for us to add to the limitations thus provided for.

It would be presumptious, indeed, for judges to cut down the obvious effect of such a law merely because of inconvenience of complying with it in certain cases and, there being no express or clearly implied exception, to hold that it has no reference to a lien on a given kind of personal property, automobiles for example. It is true that assured compliance with the statute may not always be easy. It is sometimes difficult to determine the legal situs of personal property at a given moment. But possible difficulties furnish no reason why we should not give effect to the obvious legislative purpose to establish a new system. It is not for the courts, by construction, to eliminate from the effect of such a statute portions of the subject matter intended to be covered.

Ordinarily the situs of ambulatory personal property is at the domicile of the owner. But that is not the case here. For the time being, the trucks were legally situate in St. Louis county, at least

for the purpose of the statute in question. It would have been different had they been merely passing through that region. Touring autos do not acquire a situs in every locality through which they pass or in which they remain long enough to become subject to a garage bill. On the other hand, their normal situs at the residence of the owner may be interrupted, or at least another temporarily acquired for some purposes, by continuous extended use elsewhere.

We are not blind to the difficulties that may arise with respect to liens on other personal property from this conclusion. They are for legislative rather than judicial concern. It is for lienors and their counsel to meet the situation as best they may. If more aid and greater definition is needed now, it should be sought at the hands of the legislature. It is hard to believe there was a design to change the law as to liens on logs and lumber because the new statute does not require the transfer of their old records and live documents by the surveyors general of logs and lumber. The question is not before us, but, for the reason indicated, liens on logs and lumber may not be within the purview of chapter 364, p. 496, L. 1915, and its amendment.

2. The storage was continuous and charged at monthly rates. The lien statements covered some monthly charges more than 60 days old. The lien cannot be objected to pro tanto upon that ground. The storage was continuous and the statutory lien did not expire until 60 days "after the termination of such storage." Section 8525, G. S. 1923. Such service does not terminate simply because a charge for it accrues. If it is otherwise continuous, it is not converted into separate transactions (within the rule of Reed v. Horton, 135 Minn. 17, 159 N. W. 1080), by the fact that payment must be made at regularly recurring intervals. It would be as logical to consider the conventional year's lease as 12 transactions instead of one, simply because of the inevitable monthly payments of rent.

Orders affirmed.