GEORGE H. GOOD v. W. E. BROWN AND OTHERS.[1]

October 5, 1928.

No. 26,796.

**Where conditional sales contracts should be filed.**
    1. Except as provided in G. S. 1923, § 8370, conditional sales contracts should be filed in the county wherein the property is given a fixed situs.

**Such contracts may be filed without witnesses or acknowledgment.**
    2. Witnessing and acknowledging are unnecessary prerequisites to the filing of such contracts.

Sales, 35 Cyc. p. 688 n. 58, 61.

Plaintiff as receiver of W. J. Forsythe & Company appealed from a judgment of dismissal of the district court for St. Louis county, Fesler, J. Affirmed.
    *Courtney & Courtney,* for appellant.
    *Baldwin, Baldwin, Holmes & Mayall,* for respondents.

    [1]Reported in 221 N. W. 239.

WILSON, C. J.

Plaintiff appealed from a judgment dismissing his action. He sued in conversion to recover for a truck which W. J. Forsythe & Company, a corporation of which he is the receiver, bought from Earl W. Bradley under a conditional sales contract which contained a provision that the title should not vest in the corporation until it paid the purchase price. Bradley, not being paid, took the truck from plaintiff, who claims that the taking was wrongful.

The corporation was organized under the laws of this state to deal in timber and had its principal place of business at Duluth where all its officers and Bradley resided. Bradley's place of business was in Duluth, but he delivered the truck to the corporation in Cook county where it was to be and was used by the purchaser. The contract was signed and delivered in Cook county. It contained a provision to the effect that the purchaser was not to remove it from Cook county where the parties knew that it was to be used for at least a while.

The contract was not filed in St. Louis county wherein Duluth is situated, but was filed in the office of the register of deeds of Cook county, Minnesota. The record presents the inquiry whether a conditional sales contract in order not to be void as to creditors, herein represented by the receivers, is to be filed in the county where the purchaser resides or in the county where the property is situated. The question is whether G. S. 1923, § 8346 and § 8370 or § 8364 shall control.

G. S. 1923, § 8346, requires every mortgage on personal property to be filed with the clerk or recorder of the town or municipality in which the mortgagor resides at the time of its execution, if a resident of the state. Conditional sales contracts are to be filed as in the case of chattel mortgages. G. S. 1923, § 8360; 1 Dunnell, Minn. Dig. (2 ed.) § 1425.

G. S. 1923, § 8364, reads:

"Any bill of sale, instrument evidencing a lien on or reserving title to personal property and satisfactions of liens on personal property, shall be filed with the Register of Deeds in the county in which the said personal property is situate."

L. 1915, p. 496, c. 364, § 7, now G. S. 1923, § 8370, referring to § 8364, reads:

"This act shall not apply to cities of the first class, nor to counties wherein the salary of the register of deeds is fixed by special law."

Duluth is a city of the first class, and the contention is that, since the purchaser is domiciled at Duluth, § 8364 is without application because of § 8370.

1. Except as to cities of the first class and counties wherein the salary of the register of deeds is fixed by special law (§ 8370), such contracts are to be filed in the county in which the property covered is given a fixed situs. Dower Lbr. Co. v. Rodewald, 157 Minn. 314, 196 N. W. 473; Snyder Auto. Inc. v. Boyle, 162 Minn. 261, 202 N. W. 481; In re Wilson (D. C.) 18 F. (2d) 108; Sheldon v. Brown, 72 Minn. 496, 75 N. W. 709. Such is our construction of the legislative intent in enacting L. 1915, p. 496, c. 364, and L. 1917, p. 236, c. 158, which left G. S. 1923, § 8346, with a restricted application. In this case the transaction contemplated the use of the truck in Cook county. It was not to be removed therefrom without the consent of the seller. It was in fact kept therein until taken by defendants. The trial court found as a fact that the truck had a fixed situs in Cook county at the time the contract was made. The evidence sustains this finding; hence the contract was properly filed.

2. It is claimed that the acknowledgment on the contract was defective and that by reason thereof the filing of the contract was unauthorized and ineffectual as notice. Our attention is directed to G. S. 1923, § 8365, which provides that such instruments are to be filed when "executed, witnessed and acknowledged according to law." But the law does not require a conditional sales contract to be witnessed or acknowledged. Assuming, without deciding, that the acknowledgment was defective, it is immaterial.

Affirmed.