MILLER MOTOR COMPANY v. W. L. JAAX.[1]

December 14, 1934.

No. 30,111.

[1]Reported in 257 N. W. 653.

*Lawrence R. Allison* and *Horace W. Roberts,* for appellant.
*William E. Hottinger,* for respondent.

HOLT, JUSTICE.

Defendant appeals from the order denying a new trial.

The action was brought to recover possession of two Buick auto buses, upon which plaintiff claimed a lien for $705.76, under a chattel mortgage given by the vendee in a conditional sales contract. Defendant claimed title by purchase from the vendor in said contract after repossessing the buses. The trial was to the court, and findings were made in favor of plaintiff for possession, or a judgment against defendant for the amount of the lien.

Nearly every finding of fact is challenged as not justified by the evidence. We do not think that the facts material to a decision herein are in dispute. There are two or three legal propositions presented which determine whether the decision in favor of plaintiff is right or wrong.

The first is: Were the conditional sales contracts, reserving title in the vendor until the full purchase price was paid, filed for record in the proper county so as to be constructive notice to a subsequent good faith mortgagee? The vendor of these buses was the Flxible Company, an Ohio corporation; the vendee was the

Black Hawk Transportation Company, a domestic corporation, whose articles of incorporation state that the "main office and principal place of business of this corporation shall be in the city of Mankato, in the county of Blue Earth, and state of Minnesota." The conditional sales contract for one bus was executed in September, 1931, and the contract for the other in the month following. Both contracts were filed immediately in the office of the register of deeds of Blue Earth county. From August 4, 1930, to February 1, 1933, the Black Hawk Transportation Company, under a lease, continuously occupied a garage in the city of North Mankato, Nicollet county, where its buses were housed and cared for at the end of each round trip until starting out on another. Although the articles of incorporation name Mankato, Blue Earth county, as its main office and principal place of business, it does not appear that any office was kept there, not even for the sale of bus tickets, they being sold by the Northland Transportation Company. Whatever books were kept and business transacted, outside of taking on and discharging bus passengers, were kept and transacted either at the home of the Ingmans, the managing officers of the Black Hawk Transportation Company, in North Mankato, or at the garage of the company in that city.

Prior to 1915 ambulatory property was considered to have a *situs* at the domicil of the owner for the purpose of fixing the place where chattel mortgages and conditional sales contracts should be filed so as to give constructive notice of their existence. But by L. 1915, c. 364, amended by L. 1917, c. 158, the statute governing such filing now reads:

"Any bill of sale, instrument evidencing a lien on or reserving title to personal property and satisfactions of liens on personal property, shall be filed with the register of deeds in the county in which the said personal property is situate." (2 Mason Minn. St. 1927, § 8364.)

In Dower Lbr. Co. v. Rodewald, 157 Minn. 314, 315, 196 N. W. 473, the syllabus is:

"Under chapter 158, Laws 1917, a chattel mortgage should be filed in the county in which the mortgaged property is given a fixed *situs.*"

See also Snyder Automotive Inc. v. Boyle, 162 Minn. 261, 202 N. W. 481; Good v. Brown, 175 Minn. 354, 221 N. W. 239. This *situs* the parties may give the property by the terms of the instrument. They attempted to do so in these conditional sales contracts by these words:

"Said chattel [bus] shall be installed in the following premises: Black Hawk Transportation Garage, Mankato, Minnesota."

This language discloses that the use of the word "Mankato" was inaccurate. For the court found upon evidence that was not disputed that when the buses were bought the transportation company had its garage in the city of North Mankato, in Nicollet county, and that garage was known as the Black Hawk Transportation Company garage. The evidence is conclusive that since 1930 the Black Hawk Transportation Company had occupied this garage as the Mankato terminus of the buses on its routes; that this occupation was continuous up to the time the Flxible Company repossessed the buses; and that at no time during that period had the transportation company any office or garage in the city of Mankato, Blue Earth county. So the *situs* intended to be given the buses in the contracts was as found by the court. And, the contracts not being filed in Nicollet county, they must be held void as against subsequent good faith purchasers and mortgagees.

We do not think there is merit in the assignment of error which attacks the finding that plaintiff took its mortgage in good faith and without notice, actual or otherwise, of the conditional sales contracts of the vendor, the Flxible Company. The testimony is quite satisfactory that the chattel mortgage was so taken. The only thing in the record tending to question the credibility of the testimony supporting the finding is that in the chattel mortgage itself the mortgagor is designated as "of the counties of Nicollet and Blue Earth" and that plaintiff deemed it proper to file a certified copy in the county of Blue Earth of the chattel mortgage filed

in Nicollet county. But the inference to be drawn from the testimony of the mortgagee's good faith and want of notice was for the trial court, and this court cannot say that the evidence does not support the finding made.

Defendant attacks as unsupported the finding that the chattel mortgage was duly filed. Plaintiff made the chattel mortgage a part of the complaint and attached thereto a copy, including the acknowledgment. The answer indirectly admitted the mortgage, but alleged that the mortgagor had no interest or title to mortgage. Without objection, the mortgage as filed was received in evidence. It is now contended that the acknowledgment was so imperfect that the mortgage was not entitled to be filed, and hence the finding of due filing is not supported. This appears to us a belated and indirect attack on the finding. It appears not to have been presented to the trial court at any time. In Bennett v. Knowles, 66 Minn. 4, 68 N. W. 111, there was a defective acknowledgment of a deed of assignment by a corporation much the same as in the instant case; but the point was raised when the instrument was offered in evidence, and sustained. This court affirmed, principally upon the ground that there was no corporate seal affixed to the signature of the corporation to that deed. In the instant case the corporate seal is affixed to its signature of the chattel mortgage. But we do not need to determine whether the acknowledgment on this chattel mortgage is such that the mortgage is entitled to be filed, for defendant has not placed himself in a position to question the validity of the chattel mortgage because of a defective acknowledgment or failure of due filing. As between the parties, a chattel mortgage properly signed and delivered is good regardless of witness or acknowledgment, and is void only as to subsequent good faith purchasers without notice, actual or constructive. Big Stone County Bank v. Crown Elev. Co. 111 Minn. 399, 127 N. W. 181; Nelson v. McDonald, 153 Minn. 474, 191 N. W. 281. Here, because the conditional sales contracts were not filed in the county where the buses were given a *situs*, the subsequent chattel mortgage, made by the vendee in possession, vested a good title to the buses in the mortgagee, which no subsequent purchaser

could question, unless he proves that he was a good faith purchaser for value and without notice of the prior mortgage. The cases just cited so hold. There was no effort by defendant to prove that he did not have full knowledge of plaintiff's mortgage. The evidence discloses that the Flxible Company not only repossessed itself of the buses at the garage in North Mankato; but at the same time and place, evidently in the presence of defendant, the Black Hawk Transportation Company sold and transferred its interest in the buses to the Flxible Company, whereupon the latter sold the same to defendant, who, the next day, sent the buses out on the same routes they traveled while in possession of the Black Hawk Transportation Company. There was no foreclosure of the sales contracts pursuant to Mason Minn. St. 1934 Supp. §§ 8363-1 to 8363-5. Under these circumstances it must follow that defendant acquired his title subject to plaintiff's chattel mortgage, whose validity he cannot question on such grounds as improper filing or lack of acknowledgment, not having shown himself a good faith purchaser for value, without notice or knowledge of plaintiff's mortgage.

The point is made that there is no proof of the value of the buses, hence the granting of judgment against defendant for the amount of the mortgage lien is not warranted. The cost price in the fall of 1931, when the buses were sold to the transportation company, was over $5,000 each, and the price at which defendant purchased them appears in the transfer of the license to have been over $4,000 each. The inference is that they were worth a great deal more than the chattel mortgage lien. Hence defendant has no just ground of complaint as to the judgment ordered against him. There was no finding as to value of the buses at the time of the trial, and none was asked for by defendant. If he deems that material, he may apply to the trial court for a finding on the going down of the remittitur.

The other findings attacked appear to find adequate support in the evidence, and even were it not so the result would not be changed for the reasons above stated.

Order affirmed.